140 So.2d 811 (1962)
Frances Haley LEVERT et vir, Plaintiffs-Appellees,
v.
The TRAVELERS INDEMNITY COMPANY, Defendant-Appellant.
No. 534.
Court of Appeal of Louisiana, Third Circuit.
May 7, 1962.
Rehearing Denied May 24, 1962.
*812 Helm, Simon, Caffery & Duhe, by Lawrence P. Simon, New Iberia, for defendant-appellant.
Landry, Watkins, Cousin & Bonin, by Jack Cousin, New Iberia, for plaintiffs-appellees.
Before TATE, SAVOY, and CULPEPPER, JJ.
TATE, Judge.
Mrs. Frances Levert was injured when she fell from an elevated platform while attending the Mardi Gras Ball sponsored by the St. Martinville Rotary Club on February 9, 1959. By this suit, she and her husband seek to recover damages for her personal injuries resulting from this accident, including for the medical expenses and loss of earnings occasioned thereby. Made defendant is the club's liability insurer. The defendant appeals from judgment in favor of the plaintiffs awarding them the full policy limits of twenty thousand dollars for the damages sustained as a result of the accident.
*813 Mrs. Levert was a paid patron of the ball, which was sponsored by the defendant's insured as a fund-raising project. Under the jurisprudence she was an invitee: "An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage * * *". Alexander v. General Accident Fire & Life Assur. Corp., La.App. 1 Cir., 98 So.2d 730, 732.
As the description below of the ball premises will show, the defendant's insured was undoubtedly negligent in creating a concealed hazard in the throne platform from which Mrs. Levert fell. The substantial questions of this litigation concern whether this negligently-created hazard was a proximate cause of Mrs. Levert's injuries and, if so, whether her recovery is barred by any negligence or lack of care on her own part.
There is very little dispute between the parties as to general legal principles involved or as to the facts of this litigation. Thus the issue is whether, applying these legal principles to the virtually undisputed facts, the negligence of the defendant's insured is, as a matter of law, the sole proximate cause of the accident from which Mrs. Levert's injuries resulted.
I. Liability of Occupier of Premises to an Invitee.
The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger.
On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it.
See: Cassanova v. Paramount-Richards Theatres, Inc., 204 La. 813, 16 So.2d 444; Sherrill v. United States Fidelity & Guaranty Co., La.App. 3 Cir., 132 So.2d 72; Bowers v. Lumbermens Mut. Cas. Co., La. App. 2 Cir., 131 So.2d 70; Alexander v. General Acc. Fire & Life Assur. Corp., La. App. 1 Cir., 98 So.2d 730; Crittenden v. Fidelity & Cas. Co., La.App. 2 Cir., 83 So. 2d 538; Roca v. Prats, La.App.Orl., 80 So. 2d 176.
II. The Facts.
The ball was held in the National Guard Armory in St. Martinville. At one end of the ballroom was situated a three-level platform. On the narrow top tier was situated a throne for the Mardi Gras king and queen, and to this top tier steps led from the ballroom floor. It was from this top level that Mrs. Levert fell and sustained severe injuries during the evening.
Across the back of the entire stage-platform was draped a satin material which hung perpendicular to the floor of the ballroom. This satin curtain concealed the rear walls of the ballroom and also concealed that, between the rear of the platform and the walls of the ballroom, there was a spacei. e., that the rear of the platform was not flush with the walls of the armory and that, consequently, on the other *814 side of the curtain there was hidden a five-foot drop from the throne-level of the platform down to the concrete armory floor below.
This top tier was comparatively narrow, four feet wide by four feet long. On it was situated only a draped throne with a draped back. However, the throne itself was actually composed of two small dresser stools draped with a satin material; the back of the throne was actually just a satin cloth material also, so that a person leaning backwards against it would find no support but would instead fall through it (as did Mrs. Levert). The two small stools, which underneath the concealing satin material formed the only weight-bearing portion of the thronelike structure, were not fastened to the platform. There was no guard or railing across the rear of the platform preventing a fall from the dangerous drop off its edge concealed behind the curtain across the rear of the platform.
After the Grand March and the unmasking, the king and queen and their court vacated the platform, and various patrons moved up on it. No attempt was made to prevent access of patrons to the platform. There was no warning of any kind that, concealed behind the seemingly solid backdrop of the platform, was a dangerous fall from the unguarded edge of the platform behind the curtain.
In response to a signal from a couple occupying the throne on the top tier, Mrs. Levert, in her rabbit costume and just unmasked, went and sat teasingly on the man's lap. Someone below called him; he rose to leave; Mrs. Levert sat in the seat in the throne he had just vacated; it turned over, and she was precipitated through the curtain and over the unguarded edge and down to the concrete floor five feet below.

III.
Able counsel for the defendant-appellant forcefully argues that the cause of the accident was not the hazard created, but was rather the fall of the stool when plaintiff sat upon it. It is argued, thus, that, even assuming the defendant's insured created a hidden hazard in the nature of a trap, nevertheless such was not a proximate cause of the present accident, because it was not causally related to the fall of the stool when the plaintiff sat upon it.
The negligence of the defendant's insured consisted of creating in the throne perch, to which access of the patrons was freely permitted, a substantial and foreseeable hazard to them, through the flimsy (but apparently solid) seating near the edge of what was actually a dangerous drop concealed by the curtain from the observation of the patrons, who however might reasonably have supposed that behind the curtain was the solid wall of the ballroom instead of this dangerous drop.
In our opinion, this negligence was undoubtedly a proximate cause of the accident. Mrs. Levert's fall from the platform was a reasonably foreseeable result of the hazard created by the defendant's insured; the injury received was one for the prevention of which the duty existed not to create such a concealed hazard to the patrons' safety. See McDonald, "Proximate Cause in Louisiana", 16 La.L.Rev. 391 (1956); see also, Stone, "Tort Doctrine in Louisiana", 27 Tul.L.Rev. 1 (1952). The inviting availability of the seemingly substantial throne upon the seemingly safe platformwhich concealed, however, that there was substantial hazard to the safety of patrons using itwas a substantial cause-in-fact both of Mrs. Levert's presence upon the throne-tier and of her fall from it. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., La., 137 So.2d 298.
Nor can we hold that Mrs. Levert's act in sitting upon the throne so as to fall from it constituted contributory negligence under the circumstances.
Mrs. Levert stated that the throne "looked like a big chair of some kind". She said she just sat down on it, and it fell *815 backward. The only other witness to the accident stated that Mrs. Levert "flopped on it", and "it just tilted over".
It must be remembered that, although the seating was actually flimsey and unfastened, all the considerable arts of the ladies decorating the ballroom had been exerted to make the platform appear substantial and thronelike, rather than merely an imaginative creation of gauze and cloth and sticks. Considering that the defendant has the burden of proving contributory negligence, we do not think that the manner in which Mrs. Levert seated herself constituted any lack of due care, had the seating been part of a thronelike structure such as it reasonably appeared to be. (Had, for instance, the seating consisted of the solid single structure constituting a double throne as it appeared, rather than only of two small separate unfastened stools beneath the cloth covering, Mrs. Levert would not have fallen when she sat, for the seating would have been stable because of the weight of the other lady using the other seat of the throne.)
"Contributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to his damage, which falls below the standard to which he is required to conform for his own protection." Prosser on Torts (2nd ed., 1955), p. 283. The evidence convinces us that the extreme hazard of a dangerous fall was not reasonably observable by a person exercising ordinary care and that the action of Mrs. Levert, in going to the throne tier of the platform and sitting or flopping upon the stool which turned over, was therefore not contributory negligence barring her recovery, since by the exercise of reasonable care she could not have appreciated the hazard created by the insured, or have realized that her conduct exposed her to the risk of accident or a dangerous fall.

IV.
The trial court awarded the plaintiff and her husband the full policy limits for her personal injuries and for the medical expenses and loss of earnings occasioned the community by them. As a result of the fall, she suffered a fracture of a dorsal vertebra. In addition to the painful injuries and course of treatment, the evidence shows without contradiction that, unlike her condition before the accident, the plaintiff is now disabled by a painful back, which is proved by the preponderance of the evidence to have resulted from the aggravation or acceleration of a previously latent pre-existing condition. We find no error in the trial award. See, e. g., Hidalgo v. Dupuy, La.App. 1 Cir., 122 So.2d 639; Humphries v. Delta Fire & Cas. Co., La. App. 1 Cir., 116 So.2d 130.

Decree.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendant-appellant.
CULPEPPER, J., concurs in the decree.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.