155 So.2d 676 (1963)
Beulah Pitre RICHARD et vir, Plaintiffs-Appellees,
v.
GENERAL FIRE AND CASUALTY COMPANY, Defendant-Appellant.
No. 896.
Court of Appeal of Louisiana, Third Circuit.
July 15, 1963.
Rehearing Denied August 28, 1963.
*677 Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendant-appellant.
Fruge & Foret, by J. Burton Foret, Ville Platte, for plaintiff-appellee.
Before TATE, SAVOY, and CULPEPPER, JJ.
TATE, Judge.
Mrs. Pitre, the plaintiff, slipped and fell as she was leaving the premises of a municipal swimming pool. By this suit, she and her husband seek recovery for her personal injuries and for the medical expenses occasioned by her fall. The defendant is the municipality's liability insurer.
The defendant appeals from judgment in favor of the plaintiffs. The chief issue raised by the appeal is the contention that the wife's contributory negligence bars recovery.
The evidence shows that the plaintiff slipped on the porch of the bathhouse as she was leaving the swimming pool premises. It is virtually uncontradicted that this porch had a slick and smooth surface, that it was quite often wet because of patrons leaving the pool premises in dripping wet bathing suits, and that, when wet, the porch surface became very slippery. A construction expert testified that the porch surface had an exceptionally smooth surface, as a result of which, when wet, it became slippery beyond the ordinary. The testimony of the bathhouse attendants indicates that slips on the smooth surface were not infrequent, although fortunately injuries as a result were rare.
To protect against falls because of a similar condition, rubber mats were laid on the bathhouse lobby floor just off the porch. Similar mats could have been placed on the narrow eight-foot porch at a cost of less than thirty dollars. In fact, the testimony of the pool manager shows that such mats for the porch were recommended for the following season, and that, in order to lessen the danger of falls, the surface of the bathhouse porch had been roughened by the application of muriatic acid at the close of the season in which the plaintiff had slipped and fallen.
The plaintiff slipped on the porch just after she went out the door. There was no other path by which she could leave the pool to which she had purchased admission, and the evidence reflects that she was walking normally and using ordinary care when her feet just slipped out from under her, causing her to fall and sustain certain injuries.
Under the evidence, there is little doubt as to the negligence of the defendant's insured in maintaining a hazardous condition of the entranceway which the invitees using the pool were required to use. The entranceway was not maintained in a reasonably safe condition for persons exercising ordinary care and prudence, since patrons walking normally and with care over the wet surface nevertheless sometimes fell.
"The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee * * *." Levert v. Travelers Indemnity Co., La.App. 3 Cir., 140 So.2d 811, 812. Further, in the present instance, the occupier through its employees had noticed that the entranceway very often became unusually slippery when wet and caused falls, but it failed to remedy this unreasonably dangerous condition until after the present accident, although the *678 means to do so were inexpensive and easily available.
The defendant-appellant contends that, even so, nevertheless the plaintiff Mrs. Richards' recovery is barred by her contributory negligence in attempting to cross the porch as she left the pool after she had observed that it was wet. Mrs. Richard brought her children to the pool two to three times a week and had observed that the porch was generally wet. She had never seen anyone slip on it prior to her own fall, however.
As stated in the Levert case, cited above, at 140 So.2d 813, "* * * the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises." The invitee's failure to observe or to use due care in avoiding an obvious hazard may constitute contributory negligence barring recovery, Sherrill v. United States Fidelity & Guaranty Co., La.App. 3 Cir., 132 So.2d 72, which decision also quoted the principle set forth at 65 C.J.S. Negligence § 50, p. 545: "However, even though the invitee has knowledge of the danger, or the defect is obvious, the duty of the owner or occupant to use reasonable care to keep the premises reasonably safe for invitees remains, and it runs concurrently with the duty of the invitee to protect himself, so that, where the invitee does not fully appreciate the danger or is without fault, the owner or occupant may be held liable for the injury."
Contributory negligence is conduct which under the circumstances involves an undue risk of harm to the plaintiff, conduct "`which falls below the standard to which he is required to conform for his own protection'", Levert v. Travelers Indemnity Co., cited above at 140 So.2d 815. See also Sloan v. Flack, La.App. 3 Cir., 150 So.2d 616. Contributory negligence barring recovery is an affirmative defense which the pleader thereof must prove by a preponderance of the evidence in "slip-fall" accidents as well as in other types of tort cases. Daire v. Southern Farm Bureau Cas. Ins. Co., La.App. 3 Cir., 143 So.2d 389; Bowers v. Lumbermen's Mutual Cas. Co., La.App. 2 Cir., 131 So.2d 70.
Applying these legal principles, we find no error in the trial court's holding that the defendant had not borne its burden of proving contributory negligence on the part of Mrs. Richard.
It is true that Mrs. Richard observed the entranceway was wet when she tried to use it and that on her regular visits to the pool she had observed a similar condition. In determining whether her attempt to walk across the wet surface constituted conduct involving undue risk of injury to her, however, the surrounding circumstances show that her actions did not fall below the standard of care for her own protection required of a reasonably prudent person using ordinary care under the circumstances.
Although Mrs. Richard could observe that the surface was wet, she could not reasonably appreciate that, because of the unusually slick surface of the porchway, the wetness in this instance produced a slipperiness beyond that reasonably to be anticipated, i. e., a hazard greater than was reasonably observable. Levert v. Travelers Indemnity Co., cited above, as well as cases to be cited below. She had not, for instance (as had the bathhouse attendants), ever observed other persons slip on the surface even though walking normally and carefully, as she herself did in the instant case. "[I]n the absence of a warning of danger in the use of the passageway, pedestrians having occasion to traverse it would naturally assume, and had a right to assume, that it was sufficient for the purpose, subject only to such imperfections as might be readily observed by use of ordinary care", Corkern v. Travelers Ins. Co., 229 La. 592, 86 So.2d 205, 207.
*679 In weighing whether the plaintiff used ordinary care by walking onto the wet porchway, it is proper to take into consideration the circumstances that those immediately preceding her, her husband and two children, had crossed the porchway without difficulty (Rodriguez v. City of Sulphur, La.App. 1 Cir., 28 So.2d 771), and that there was no other safer path available for her to take as she left the swimming pool bathhouse (Brantley v. City of Baton Rouge, La.App. 1 Cir., 98 So.2d 824).
We thus find that the plaintiff Mrs. Richard's conduct does not constitute contributory negligence barring her recovery, because by the exercise of ordinary care she could not reasonably have appreciated the hazard maintained by the defendant's insured which caused her to fall (even though she was walking normally and carefully), and thus she could not reasonably have realized that her walking onto the porchway exposed her to undue risk of injury. Thus the present factual situation is distinguished from those in the authorities relied upon by the appellant.
There is no serious dispute as to the amount of the award.
For the reasons stated above, the judgment of the trial court is affirmed at the cost of the defendant-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
FRUGE, J., recused.
HOOD, Judge (dissenting).
I disagree with the majority in their refusal to grant a rehearing. In the first place, I do not think the owner or operator of this swimming pool can be said to have maintained a hazardous condition, and thus is guilty of actionable negligence, simply because the front porch of the bathhouse or main administrative building of the pool is constructed of concrete with a smooth, or trowel, finish. It is true that the floor of this porch remained wet a great portion of the time and that concrete is more slippery when wet than when dry. But concrete floors and walks, with smooth surfaces, are used commonly in public buildings and facilities, and certainly they are not any more slippery or hazardous when wet than are other commonly used flooring materials, such as ceramic tile, terrazzo tile, asphalt, vinyl or wood. In this case the porch floor was kept clean, there was no foreign substance other than water on it, and the floor was not any more slippery than is any other smooth finished concrete floor would be when wet. The manager of the pool testified that in the seven-year period which intervened between the time the pool was constructed and the date this accident occurred only one other person had slipped on the porch of the bathhouse prior to the accident involved in this case, although the porch was used by an average of at least 400 people per day during each three-month period when the pool was open. One witness who had been employed as a "basket girl" at the pool testified that she had seen "more than one" person slip on the porch, but she did not know "how many," and the occasions she witnessed apparently were of such a minor or insignificant nature that they were never reported or called to the attention of anyone else at the pool. Under these circumstances, I can find no negligence on the part of the defendant's insured in maintaining a hazardous condition or in failing to exercise reasonable care in providing a safe place for invitees using the pool.
Assuming, however, that the maintenance of a smoothly finished concrete floor on the front porch of this building did constitute actionable negligence on the part of the insured, it seems clear to me that plaintiffs are barred from recovery because of Mrs. Richard's assumption of the risk or because *680 of her contributory negligence. The accident occurred in bright daylight, and plaintiff could plainly see that the concrete floor was wet. But, in addition to the fact that the condition of the floor was obvious to anyone, Mrs. Richard testified that she and her children used this swimming pool two or three times per week, that she had walked on the same porch just a few minutes earlier on that day when she entered the pool with her family, that she knew that "the porch is usually always wet and slippery," and that the floor of the porch was no different at the time the accident occurred than it had always been.
In Baker v. Hartford Accident and Indemnity Company, La.App. 1 Cir., 136 So.2d 828 (Cert. denied), a case cited and relied upon by defendant but apparently overlooked by the majority, the plaintiff slipped and fell on the concrete floor of a service station. An attendant had spread a yellow detergent on the floor and was "hosing it down" when the accident occurred, so the floor was not only wet, but it also had a slippery detergent on it and the fall occurred on an incline of the floor. Under those facts, which were far more favorable to plaintiff than are the facts in the present suit, our brothers of the First Circuit held (with writs denied by the Supreme Court) that plaintiff was barred from recovery because of contributory negligence. In so holding, the following significant language was used:
"* * * From a review of Plaintiff's testimony it is questionable whether or not he had observed the presence of a `yellow compound' spread on the concrete prior to his fall, though it is his testimony that he made this observation after such fall. Nevertheless, granted such compound may have been used by the attendant in cleaning the concrete, there is nothing in the record which would have prevented Plaintiff's observation of this fact had he maintained a proper lookout as his own testimony is that such compound was readily visible to him upon his observation after his fall.
"Regardless of whether or not Plaintiff was aware of the presence of this compound, admittedly he was fully aware of the fact and so testified that at the time the accident occurred the employee of the service station was engaged in `hosing' the station down, so that he was obviously aware of the fact the surface of the concrete in the station over which he voluntarily proceeded to walk was wet.

* * * * * *
"Assuming arguendo that Defendant was negligent in washing down the concrete during business hours and in not specifically warning invitees of the slippery condition of the surface of the concrete, the Plaintiff with full knowledge of the wetted surface attempting to walk thereon is guilty of contributory negligence barring his right to recover for injuries sustained resulting from his slipping." (Emphasis added).
In Levert v. Travelers Indemnity Company, La.App. 3 Cir., 140 So.2d 811, we said, "* * * the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises."
And, in St. Julien v. Fireman's Fund Insurance Company, La.App. 3 Cir., 127 So.2d 245, where the plaintiff slipped on a slanting, terrazzo tile floor which had been made more slippery because it was wet, we said:
"Tested by such standards, as the latter two cases observed, the circumstance that the entranceway to commercial buildings may be more slippery in wet weather than in dry is not of itself sufficient to constitute actionable negligence on the part of the property *681 owner, when such a condition is observable by a reasonably prudent person of ordinary intelligence and when then the entranceway can be traversed in safety by the exercise of ordinary care. Under this jurisprudence and as shown by the evidence accepted by the trial court, the commercial entranceway involved in the present litigation, although more slippery when wet than ordinarily, was not a negligently maintained hazard to pedestrians exercising ordinary care." (Emphasis added).
Other cases which I think are peculiarly applicable and which show that plaintiffs in the instant suit are barred from recovery because of contributory negligence are Lawson v. D. H. Holmes Co., La.App.Orl., 200 So. 163, and Battles v. Wellan, La.App. 2 Cir., 195 So. 663 (Cert. denied).
In the instant suit a reasonably prudent person with ordinary intelligence could observe that the concrete floor of the porch was wet. The injured plaintiff specifically testified that she was very familiar with the porch and she knew that it was wet and slippery when she started to walk on it immediately before the accident occurred. There is no question but that a person by using ordinary care could safely walk on the wet concrete floor, because several hundred people walked on it every day and only one person had slipped on it in seven years. Under these circumstances, I cannot agree with the majority in its holding that Mrs. Richard "could not reasonably have appreciated the hazard maintained by the defendant's insured," and that her actions "did not fall below the standard of care for her own protection required of a reasonably prudent person using ordinary care under the circumstances." If the majority opinion is allowed to stand, I think it has the effect of making the proprietor of practically every swimming pool, public or private, the absolute insurer against accident or injury of any invitee on the premises.
While I sympathize with the injured plaintiff, it seems to me that if we are to be consistent with the established jurisprudence of this State we must hold that plaintiffs in this case are barred from recovery by Mrs. Richard's contributory negligence.
For these reasons, I respectfully dissent from the refusal to grant a rehearing.