HALL, Judge.
Mrs. Geraldine L. Bersuder brought suit against Employers’ Liability Assurance *526 Corporation, Ltd., for damages for personal injuries received by her when she slipped and fell as she was entering the Canal Street entrance of the Governor Claiborne Apartments (commonly called the Claiborne Towers) in the City of New Orleans. She alleged that she sustained severe and crippling injuries to her left knee and leg and prayed for judgment in her favor for $34,000.00. Her husband joined in the suit praying for judgment in his favor for $5,000.00 for present and future medical expenses incurred and to be incurred as the result of his wife’s injuries.
By amendment to the pleadings American Employers’ Insurance Company was substituted in the place and stead of the original defendant, it having been discovered that American Employers’ Insurance Company, and not the original defendant, was the public liability insurer of Claiborne Towers. In its answer American Employers’ Insurance Company denied that the accident occurred through any fault of Claiborne Towers and alleged that the accident was due entirely to the fault of Mrs. Bersuder in not maintaining a proper lookout and in not maintaining proper control of her person when she knew that the soles of her shoes were wet and that the sidewalk and entrance-way to Claiborne Towers was wet because of falling rain. In the alternative the defendant insurer plead contributory negligence on the part of Mrs. Ber-suder.
Following trial on the merits judgment was rendered dismissing plaintiffs’ suit at their cost. Plaintiffs appealed.
The accident occurred in the front or Canal Street entranceway to Claiborne Towers. At this entrance the doors leading to the main lobby are set back at the rear of a semi-circular recess in the building which is paved with terrazzo. The Canal Street sidewalk running along the front of the building is paved with concrete up to the building line. The distance from the inner edge of the sidewalk across the terrazzo entrance way to the lobby doors is eight to ten feet.
The accident occurred shortly before 9.30 A.M. on Saturday, February 6, 1965. Mrs. Bersuder was taking her two small boys to keep an appointment with an eye doctor who had an office in Claiborne Towers. She was also accompanied by her six year old daughter and her sister-in-law, Mrs. Sylvia Purcella. She had parked her car in the middle of the block on a side street and the party had walked to the Claiborne Towers entrance, a distance of approximately a block and a half. It had rained that morning and all night the night before and was drizzling at the time. Mrs. Bersuder was carrying her fourteen month old son in her left arm and was being protected from the rain by Mrs. Purcella who held an umbrella over her. The concrete sjdewalks were wet and the rain had blown onto the terrazzo of the entrance-way.
Upon arriving at the entrance way Mrs. Bersuder stepped from the sidewalk onto the terrazzo, crossed the eight or ten feet of terrazzo to the door, and, still holding her fourteen month old boy in her left arm, had partially opened the door to the lobby with her right hand when her feet slipped out from under and she fell. She testified that the door did not stick or jam and that there was nothing wrong with it. The terrazzo was slippery from the rain but precisely what movement caused her to fall is not revealed. Mrs. Bersuder testified that she was wearing flat heeled shoes. She admitted she knew before she slipped that it was raining; that the sidewalks were wet and that the soles of her shoes were wet. She also knew that the terrazzo was wet but said she did not know it was slippery. Mrs. Sylvia Purcella confirmed, but did not add anything to Mrs. Bersuder’s testimony. No other witnesses testified with regard to the accident.
The record shows that the terrazzo in the entrance-way is the same kind of terrazzo with which the sidewalks of Canal Street are paved from the River to Claiborne *527 Avenue, and it is a well known fact, and it is also established in the record, that such terrazzo becomes slippery when wet.
The record reveals that the terrazzo in the entrance-way was properly laid and there were no cracks in it nor was there any dirt or debris on it. The record also establishes that the entrance-way had just enough slope to keep water from pooling on it; that it complied in all respects with the City Building Code; and that architects do not hesitate to use terrazzo pavement on exposed areas. Mr. D. C. LeBreton, an architect who testified on behalf of defendant, testified that he would not hesitate, to recommend terrazzo for an entrance-way.
The only negligence which plaintiffs charge is that Claiborne Towers failed in its duty to provide a safe entrance-way for its invitees by placing rubber mats over the terrazzo during a rain.
In this connection Mr. Richard D. Murphy testified that he had been the general manager of Claiborne Towers for five years and that he did not consider it necessary or desirable to use rubber mats. He further stated that during his five years as general manager he had never had any complaints .of anyone falling on the terrazzo. When he was asked if he had any idea of the number of people who might pass through the entrance on a given day, he answered by saying he had approximately 1200 to 1300 people living in the building.
There is no dispute with regard to the law applicable to this case. It is well settled that the operator of a business establishment owes a duty to its invitees to provide a safe place for them but this duty requires him to exercise only that degree of care which would be exercised by an ordinary prudent man under the same circumstances. He is not an insurer of their safety. The dispute here concerns the application of the law to the facts.
Appellants cite two slip and fall cases viz. Hesse v. Marquette Casualty Company, La.App., 170 So.2d 173; and Richard v. General Fire and Casualty Company, La.App., 155 So.2d 676. Theunissen v. Guidry, 244 La. 631, 153 So.2d 869 and McCandless v. Southern Bell Telephone and Telegraph Company, 239 La. 983, 120 So.2d 501, also cited by. appellants were cases involving automobile accidents wherein the proof required to establish contributory negligence is discussed.
As this Court remarked in the Hesse case supra:
“Many slip and fall cases can be found in the jurisprudence of this state. Each case must stand alone and is peculiar to its own facts. There is no fixed rule on facts, and the facts of each case must be treated independently and the rules of law applied to them * * * ”
The two slip and fall cases cited by appellants are easily distinguishable on their facts from the instant case. A case more nearly in point is Lawson v. D. H. Holmes, Co., Limited, La.App., 200 So. 163. In that case the accident happened in the Dauphine Street entrance way to the D. H. Holmes store in New Orleans. It had been raining and an iron step in the vestibule leading into the store was more slippery than usual and a lady who was going out of the store slipped on the step and fell.
The Court stated:
“[3] The defendant’s testimony shows that thousands of people walk over this slab each day; that they have been doing so for many years; that there have been no complaints and that no other accident has ever occurred. This, to our minds, is a strong circumstance which must be considered by us in determining the condition of the step. See Greeves v. S. H. Kress & Co., supra [La.App., 198 So. *528 171]. Then, too, it is shown that there is nothing uncommon or exceptional about the use of an iron slab over a step to protect it and that the steps of many buildings situated in New Orleans are provided with similar covering.
“[4-6] The accident, which occurred in broad daylight, is one which can and does frequently happen without the slightest fault on the part of anyone. The fact that it had been raining and that the vestibule was wet undoubtedly caused the passageway to be slippery but this, of itself, cannot be plausibly advanced by plaintiffs as an argument to hold the defendant liable for their mother’s death. On the contrary, Mrs. Lawson knew that it was raining and she is to be charged with knowledge of the fact that one is apt to slip upon any wet surface. * * ”
We do not find any more duty on the part of Claiborne Towers to place rubber mats in its entrance-way than there is for the sidewalks of Canal Street to be provided with rubber mats or salt or sand during a rain.
 There is no question in our minds that Mrs. Bersuder by using ordinary care could have safely entered the building. Thousands of persons used the entrance way daily without any accident having been reported for at least five years and it is certain that it rained a great many of those days. Furthermore it seems to us that any person at all familiar with the sidewalks on Canal Street (Mrs. Bersuder had worked downtown at one time) had knowledge that terrazzo is slippery when wet. Mrs. Ber-suder knew that the terrazzo was wet and as was said in the Lawson case supra “ * * * was charged with the knowledge of the fact that one is apt to slip on any wet surface. * * * ”
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiffs-appellants.
Affirmed.