278 So.2d 900 (1973)
Dr. L. E. PERKINS et ux., Plaintiffs-Appellees,
v.
SPRINGHILL GENERAL HOSPITAL et al., Defendants-Appellants.
No. 12093.
Court of Appeal of Louisiana, Second Circuit.
May 30, 1973.
*901 Mayer & Smith by Caldwell Roberts, Shreveport, for defendants-appellants.
McConnell & McConnell by Charles E. McConnell, Springhill, for plaintiffs-appellees.
Before AYRES, PRICE and HALL, JJ.
PRICE, Judge.
This is a suit for damages for personal injuries and medical expenses arising out of a slip and fall sustained by Mrs. Lois Perkins at the Springhill General Hospital on March 28, 1972. Mrs. Perkins, joined by her husband, Dr. L. E. Perkins, named as defendants the hospital and its liability insurer, St. Paul Fire & Marine Insurance Company.
Plaintiffs allege Mrs. Perkins slipped and fell in the corridor of the east wing of the hospital while visiting her mother who was a patient therein. They contend her fall was caused by the slick surface of the floor in the hall, made more hazardous by the presence of water or moisture thereon at the time of the accident. The most serious allegations of negligence charged to the hospital causing the fall are:
1. Maintaining a floor with such a highly polished and slick surface and allowing water and moisture to accumulate thereon.
2. Failure to place mats or other devices on the floor at the entranceway to enable persons entering the building to remove water and moisture from their feet.
Defendants deny any negligence on the part of the hospital and alternatively plead contributory negligence against Mrs. Perkins as a bar to plaintiffs' recovery.
The trial court found the accident was caused solely by the negligence of the hospital and rendered judgment against defendants in solido, awarding Mrs. Perkins the sum of $2,500 and her husband $254.50 for medical expenses paid on her behalf.
On this appeal defendants contend the trial judge erred in finding that Mrs. Perkins slipped on water or moisture which had accumulated in the hall, in finding the hospital negligent, and in failing to sustain the plea of contributory negligence.
Although the evidence is conflicting as to whether Mrs. Perkins' fall was caused by the presence of water on the floor, the trial judge who heard the testimony and evaluated the credibility of the witnesses, found the preponderance of the evidence to establish the floor was wet and that this condition caused the fall. We find no manifest error in this finding of fact. The room occupied by Mrs. Perkins' mother was the end room on the north side of the east wing of the hospital, which is a *902 one-story building. The evidence shows the doorway of this room to be only a few steps from the outside entrance of the east wing. The corridor floor is of terrazzo construction. On the date of the accident it had rained intermittently throughout the day and the testimony established that water was tracked into the corridor on the feet of persons coming into the hospital by way of the east wing entrance door. Customarily a large mat (4' by 6') is placed just inside the entrance door to permit persons entering the hospital in wet weather to clean the moisture from their shoes as they walk in. On this date, however, there was no mat at this entranceway.
Mrs. Perkins testified that late in the afternoon while she was staying with her mother she started from the room to catch her brother, who had just left, to give him a message. She further testified that as she walked into the hall she paused to see which direction her brother had taken. She started to her left toward the east entrance door and suddenly lost her footing. She fell to the floor in a sitting position and struck a flower pot situated on the north wall of the corridor. She testified that the floor of the corridor was wet at the time she fell.
Mrs. Joe Bell, sister-in-law of Mrs. Perkins, testified she saw the accident from where she was seated on a cot in the same room which Mrs. Perkins was visiting. Mrs. Bell was employed by the hospital as a nurse and supervisor of this area of the hospital. She fixed the location of the fall directly in front of the room door. She further testified she examined the floor area and found no water or moisture at the point of the fall. However, there is some variance between Mrs. Bell's location of the exact place of the fall and that established by Mrs. Perkins. It is to be noted that Mrs. Bell's examination of the floor was made some time after Mrs. Perkins had been taken to the emergency room in a wheel chair.
Mrs. Perkins' testimony that the floor in the area of the fall was wet was corroborated by several witnesses who entered the hospital through the east wing prior to the time of the accident and noticed the wet condition of the floor for some distance down the corridor. We are of the opinion that the evidence as a whole substantiates Mrs. Perkins' version that she slipped because of the wet condition of the floor.
We do not find any error in the trial court's conclusion that the hospital was negligent in failing to exercise the necessary precautions for the safety of its invitees under the circumstances.
"The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved." Levert v. Travelers Indemnity Co., 140 So.2d 811 (La.App.3d Cir. 1962).
We find the evidence to clearly establish the hospital had knowledge that the terrazzo floor involved herein was a hazard to persons walking on it when its surface was wet or damp. The hospital administrator admitted he knew this terrazzo floor was very slick when wet and was aware of several instances when persons had slipped on the floor after it had been wet mopped. The hospital also knew this entrance was used extensively by persons visiting patients in the east wing. Although it had rained most of the day, there is no evidence of any precaution having been taken by the hospital on this date to guard against water being tracked into this corridor by visitors. There is no explanation why the mat was not in place at the entranceway. Nor has it been shown any additional cleaning or mopping was done on this date after the regular daily cleanup in the morning.
Defendants contend that assuming water had been present in the hallway, Mrs. Perkins knew of the hazard as she testified she had been in and out of the entrance door at least twice previously on this day and had noticed the area was wet on both occasions. Her failure to exercise reasonable *903 care for her own safety in view of this known hazard, defendants contend is negligence which contributed to the accident.
Defendants primarily rely on the holding in Miller v. New Amsterdam Casualty Co., 164 So.2d 676 (La.App.3d Cir. 1964), that the duty to keep premises safe for invitees extends only to conditions which are in the nature of hidden dangers or traps and where the condition or defect is such that it should be obvious to a person exercising reasonable care, then there is no duty to warn the invitee.
The Miller case we concede expresses the general rule of law followed by the jurisprudence of this State on the liability of an occupier of premises to invitees. However, we find this case is distinguishable and is more analogous to the circumstances involved in Richard v. General Fire & Casualty Co., 155 So.2d 676 (La.App.3d Cir. 1963), in which the invitee was allowed to recover for her injuries sustained in a fall when she walked on a concrete surface which was obviously wet. The invitee in that case was a patron at a swimming pool and knew the surface of a concrete porch was usually wet from bathers leaving the pool. The court discussed the question of her alleged negligence as follows:
"It is true that Mrs. Richard observed the entranceway was wet when she tried to use it and that on her regular visits to the pool she had observed a similar condition. In determining whether her attempt to walk across the wet surface constituted conduct involving undue risk of injury to her, however, the surrounding circumstances show that her actions did not fall below the standard of care for her own protection required of a reasonably prudent person using ordinary care under the circumstances.
"Although Mrs. Richard could observe that the surface was wet, she could not reasonably appreciate that, because of the unusually slick surface of the porchway, the wetness in this instance produced a slipperiness beyond that reasonably to be anticipated, i. e., a hazard greater than was reasonably observable. Levert v. Travelers Indemnity Co., cited above, as well as cases to be cited below. She had not, for instance (as had the bathhouse attendants), ever observed other persons slip on the surface even though walking normally and carefully, as she herself did in the instant case.
"In weighing whether the plaintiff used ordinary care by walking onto the wet porchway, it is proper to take into consideration the circumstances that those immediately preceding her, her husband and two children, had crossed the porchway without difficulty (Rodriguez v. City of Sulphur, La.App. 1 Cir., 28 So.2d 771), and that there was no other safer path available for her to take as she left the swimming pool bathhouse. (Brantley v. City of Baton Rouge, La. App. 1 Cir., 98 So.2d 824).
"We thus find that the plaintiff Mrs. Richard's conduct does not constitute contributory negligence barring her recovery, because by the exercise of ordinary care she could not reasonably have appreciated the hazard maintained by the defendant's insured which caused her to fall (even though she was walking normally and carefully), and thus she could not reasonably have realized that her walking onto the porchway exposed her to undue risk of injury."
Also appropriate to the facts of this case is the quotation by the court in Richard of the principle set forth in 65 C.J.S. Negligence, Sec. 50, page 545:
"However, even though the invitee has knowledge of the danger, or the defect is obvious, the duty of the owner or occupant to use reasonable care to keep the *904 premises reasonably safe for invitees remains, and it runs concurrently with the duty of the invitee to protect himself, so that, where the invitee does not fully appreciate the danger or is without fault, the owner or occupant may be held liable for the injury."
In the instant case, although Mrs. Perkins may have been aware of the probability of water or moisture being present on the floor of the corridor, she had no alternative route and was forced to transverse the wet area to get to and from the room. Nor does the evidence show she had any knowledge of any previous falls due to the slickness of the terrazzo tile when wet or moist. The burden of establishing the lack of care on her part is, of course, on the defendants. Defendants contend her haste in leaving the room, combined with the type of shoe she wore, probably caused her fall. The evidence shows she was wearing open back house slippers with a moderate height wedge heel. These slippers are in evidence and after examination of same we find nothing unusual in their construction that would cause them to be more hazardous to a wearer's footing than the ordinary street shoe. Whether or not Mrs. Perkins was walking normally and with reasonable care at the time of her fall is a question of fact. In the absence of manifest error, we are constrained to follow the decision of the trial judge that the evidence was insufficient to show Mrs. Perkins was not exercising reasonable care at the time of her fall.
There is no complaint in regard to the trial court's award for personal injuries and medical expenses.
For the foregoing reasons the judgment appealed from is affirmed at appellant's costs.