467 So.2d 167 (1985)
Phillip BORDELON, et ux., Plaintiff-Appellant-Appellee,
v.
SOUTHERN LOUISIANA HEALTH CARE CORP., d/b/a Savoy Memorial Hospital Foundation and Western World Insurance Company, Inc., Defendant-Appellee-Appellant.
No. 84-146.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
Writ Denied May 31, 1985.
*169 Tate & McManus, Vernon C. McManus, Eunice, for plaintiff-appellant-appellee.
Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for defendant-appellee-appellant.
Before DOMENGEAUX, STOKER, YELVERTON, KNOLL and KING, JJ.
KNOLL, Judge.
Mrs. Bordelon slipped and fell as she left the emergency room entrance of Savoy Memorial Hospital (Savoy). Mrs. Bordelon and her husband sued Savoy and its liability insurer, Western World Insurance Company, Inc. (Western), seeking recovery for her personal injuries and for medical expenses incurred as a result of her fall. The jury determined that Mrs. Bordelon sustained damages in the sum of $26,000 for her personal injuries and $2,069.80 for her medical expenses, but found Savoy and Mrs. Bordelon equally negligent thereby reducing her award by one-half.
Savoy and Western appeal contending that: (1) the jury erred in finding Savoy guilty of negligence; and (2) the trial court erred in assessing all court costs to defendants. The Bordelons also appeal contending that the jury erred in: (1) finding Mrs. Bordelon guilty of contributory negligence; and (2) awarding only $26,000 for her injuries and ask for an increase. We affirm in part, reverse in part and render.

FACTS
The accident occurred at approximately 7:45 a.m. on July 31, 1982. Mrs. Bordelon's two year old son had diarrhea and vomited all night. After telephoning her pediatrician in Opelousas from her home in Eunice, she took her son to Savoy Hospital in Mamou because her pediatrician's office did not open until 8:30 or 9:00 a.m.
Mrs. Bordelon parked her car in front of the hospital's emergency entrance and left her children in the car with her mother. She walked across the emergency room driveway, up a concrete ramp which sloped upward from the driveway to the emergency entrance, and through the emergency room double doors. The emergency room was unstaffed, so she went to the intensive care unit where the nurses told her that no doctor would be available in the emergency room for at least 45 minutes. Mrs. Bordelon then exited through the emergency room doors and, while descending the ramp slipped and fell. After Mrs. Bordelon entered the hospital, the ramp was washed by Lee Poullard, a hospital employee. No caution or warning signs were displayed to apprise the general public of the danger created by the wet concrete ramp. As a result of the fall Mrs. Bordelon fractured her left wrist, and injured her buttocks, back and head.

NEGLIGENCE OF SAVOY
Savoy contends that the Bordelons have not proven a prima facie case because they have failed to establish any premise hazard or dangerous condition by washing the outside entrance ramp to the emergency room with a high pressure hose.
In slip and fall cases a prima facie case is established when the plaintiff shows that he slipped, fell and was hurt because of a dangerous condition on the premises. Miller v. Smith, 391 So.2d 1263 (La.App. 1st Cir.1980), affirmed, 402 So.2d 688 (La. 1981). A premise hazard is a condition or operation of the premises that results in an unreasonable risk of harm to customers under the circumstances. Watson v. West Brothers of Ville Platte, Inc., 399 So.2d 771 (La.App. 3rd Cir.1981). The duty owed by the hospital to visitors is that of exercising reasonable care for their safety commensurate with the particular circumstances involved. Perkins v. Springhill General Hospital, 278 So.2d 900 (La.App. 2nd Cir.1973); Ryle v. Baton Rouge General Hospital, 376 So.2d 1024 (La.App. 1st Cir. 1979).
*170 The Bordelons argue that the entrance ramp to the emergency room was hazardous in two respects: (1) the concrete was slick, and (2) the water on the concrete caused it to be slippery. We agree. When Mrs. Bordelon entered the emergency entrance, several maintenance employees were standing to the side of the entrance ramp, and the sidewalks adjacent to the entrance had been washed; however, the sloping ramp itself was not wet and she was not warned that it was going to be washed. After Mrs. Bordelon entered the hospital, Lee Poullard washed the sloping ramp with a high pressure hose. The emergency room entrance was not shut down during this cleaning operation and no warnings or persons were posted either inside or outside the hospital cautioning visitors of the wet condition.
Mrs. Bordelon was leaving the hospital in an attempt to find a doctor to treat her sick son. As she walked on the concrete ramp she lost her footing because it was wet. We find that the evidence as a whole substantiates that Mrs. Bordelon slipped and fell because of the slick, wet condition of the sloping concrete ramp.
Although the experts presented conflicting testimony as to whether the concrete was slick and smooth, the jury, who heard all the testimony and evaluated the credibility of the witnesses, found the evidence preponderated that the concrete ramp was wet and slippery, and that this condition was the proximate cause of the fall. The photographic exhibits, particularly P-2, show that the concrete ramp is so smooth that the metal frames of the double doors are reflected in the walkway.
We find no manifest error in these findings of fact.

MRS. BORDELON'S FAULT
The Bordelons contend that the jury erred in its determination that Mrs. Bordelon was 50% negligent.
Defendants argue that Mrs. Bordelon's injury was caused by her failure to see the wet entranceway and her hurrying to care for her sick child while wearing stiff wooden shoes.
Contributory negligence is a matter of fact determined in the light of the circumstances of each case. Soileau v. South Cent. Bell Tel. Co., 406 So.2d 182 (La.1981). Questions of fact are generally left to the jury and their findings should not be disturbed unless they are clearly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Based on the record before us we find that the jury's determination regarding Mrs. Bordelon's negligence was clearly wrong.
Negligence or fault is not judged in a vacuum. In weighing whether Mrs. Bordelon used ordinary care by walking onto the wet entranceway, it is proper to consider the circumstances of the case. Just prior to the accident Mrs. Bordelon successfully crossed the dry walkway without difficulty. No warnings were posted before the doorway and Mrs. Bordelon fell just as she stepped onto the sloping ramp.
A pedestrian is held to have seen those obstructions in his pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. Dunaway v. Rester Refrigeration Service, Inc., 428 So.2d 1064 (La.App. 1st Cir.1983), writs denied, 433 So.2d 1056, 1057 (La.1983). The passageway in question is an emergency room entrance. Mrs. Bordelon was up most of the previous night tending to the needs of her sick two year old son, and foremost in her mind at the time of the accident was the urgent need to obtain medical attention for the child.
Defendants further argue that Mrs. Bordelon's haste to seek medical care for her son combined with the type of shoe she wore, probably caused her fall. We disagree. The record establishes that she was wearing a pair of Dr. Scholls exercise sandals which have a wooden sole with a permanent rubber plate underneath. These sandals are not so unusual in design that would cause them to be more hazardous than ordinary street shoes. See Perkins, *171 supra, and Richard v. General Fire and Casualty Company, 155 So.2d 676 (La. App. 3rd Cir.1963), writ denied, 245 La. 82, 157 So.2d 230 (1963).
The critical inquiry is whether, under the emergency circumstances of this case, Mrs. Bordelon was exercising ordinary care for her own safety at the time of the accident. We find that Mrs. Bordelon could not have reasonably appreciated the hazard created by the hospital which caused her to fall. The location of the accident coupled with Mrs. Bordelon's overriding concern for her sick child make her walking onto the wet concrete ramp a reasonable act, particularly since only moments before she had safely crossed the ramp when it was dry. Therefore, we conclude that the jury's finding of negligence on Mrs. Bordelon constitutes clear error. Accordingly, we reverse this finding of fact and absolve Mrs. Bordelon of fault.

QUANTUM
The Bordelons contend the jury award of $26,000 for general damages is inadequate; the defendants argue the award is excessive.
Before a damage award may be questioned as inadequate or excessive, the appellate court must look to the individual circumstances of the particular case to determine whether the award for the injuries and their effect on the injured person were a clear abuse of the trier of fact's great discretion. Reck v. Stevens, 373 So.2d 498 (La.1979).
At the time of the accident Mrs. Bordelon was 31 years of age and employed as a legal secretary. As a result of the fall she fractured her left wrist (the ulnar styloid and radius), and injured her head, lower back and buttocks. She was treated by Dr. Luke Bordelon, an orthopedic specialist, from July 31, 1982 to December 16, 1982. Her left arm remained in a cast until September 27, 1982. She continued with pain in her back for two to three months. Physical therapy was begun in September and continued twice weekly until her medical discharge. Upon discharge Dr. Bordelon estimated Mrs. Bordelon had a 12% permanent impairment of the arm. She can no longer bend her wrist down as much as she used to, and she has difficulty rotating her wrist.
In view of the great discretion allowed the trier of fact in compensating for damages, we find no manifest error in the award. Reck, supra; Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Defendants have also raised on appeal the question of the trial court's allocation of all costs to them. Since we find Mrs. Bordelon free from fault, we affirm the allocation of costs to the defendants.

DECREE
For the foregoing reasons the trial court's judgment finding Mrs. Phillip Bordelon fifty percent negligent is reversed. The remainder of the trial court's judgment is affirmed. Accordingly, judgment is therefore recast as follows: In favor of Stephanie A. Bordelon and against Southern Louisiana Health Care Corporation d/b/a Savoy Memorial Hospital Foundation and Western World Insurance Company, Inc., jointly and in solido, in the full sum of Twenty-Eight Thousand Sixty Nine and 80/100 ($28,069.80) Dollars, together with legal interest thereon from date of judicial demand until paid with all costs of court.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
DOMENGEAUX, J., concurs in part and dissents in part and assigns reasons.
DOMENGEAUX, Judge, concurring in part and dissenting in part.
I concur with the portion of the majority opinion which affirms the jury finding of negligence on the part of the Savoy Hospital, but dissent from the reversal of the same jury's finding of contributory negligence on the part of the plaintiff, Mrs. Bordelon.
I respectfully suggest that my colleagues of the majority have utilized a double standard, which simply put, agrees with *172 the jury on one hand by finding no manifest error and by substituting its opinion on the other hand by finding the same jury manifestly erroneous.
I have reviewed the record carefully and have studied the photographs in evidence. With all due respect I feel that reversing the jury on a purely factual finding of negligence on the part of the plaintiff is a substitution of our opinion for that of the jury's. Given the totality of the evidence in this case, it is difficult for me to comprehend and reconcile the majority's conclusion concerning the question of Mrs. Bordelon's negligence.
Although I can sympathize with the plaintiff's probable frustration because her child was sick, and she had to wait for the doctor, it nevertheless seems to me, considering all facts of this case, that the jury must have concluded that the plaintiff knew or should have known that the concrete had been watered, and should have taken whatever precautions were necessary under the circumstances.
Additionally there was a factual question concerning the type of shoes the plaintiff was wearing and the effect that those shoes had in connection with her accident. The evidence was conflicting.
Of particular significance is the testimony of the two civil engineers, both recognized as experts in their field, one of which testified for the plaintiffs and the other for the defendants. The plaintiffs' expert indicated that the plaintiff could have slipped because of the wet concrete; the defendants' expert indicated that the wetness should not have had any significant effect insofar as making the surface more slippery.
The defendants' expert testified, according to his own experiment at the site, that water, when deposited on the ramp, would not remain as it was deposited, but would flow downward. The tests which he performed caused him to conclude that on this particular surface the friction was relatively the same whether it was dry or wet.
The members of the jury heard and saw the witnesses and they were exposed to the totality of the evidence, pro and con. They came to a reasonable factual conclusion supportable by the evidence. Our responsibility as a reviewing court in this case dictates acquiescence rather than remonstrance.
Factual second guessing is not an ingredient of factual manifest error. I regret to say it, but that's what we have here.
The record discloses ample evidence for the jury to have found the plaintiff negligent. I am just not prepared to say that this jury is clearly wrong.
I would affirm.