WHIPPLE, C.J. concurring in part and dissenting in part.
It is undisputed herein that Ms. Queen slipped, fell, and was injured because of a foreign substance on the floor, namely, the floor was wet (and slippery) as it was being mopped by a hospital employee. Thus, the burden shifted to the hospital to show that it acted reasonably to correct this dangerous condition reasonably anticipated in its business activity. See Terrance v. Baton Rouge General Medical Center, 10-0011 (La. App. 1 Cir. 6/11/10), 39 So.3d 842, 844, writ denied, 10-1624 (La. 10/8/10), 46 So.3d 1271.
Following my review of the record herein, and specifically after carefully reviewing the surveillance video, I am unable to say that the trial court was manifestly erroneous in finding that the measures taken by the hospital deviated or fell below the standard of care of reasonableness. As correctly noted by the majority, the hospital's employee placed wet floor signs in the small elevator landing area that he was mopping. However, the surveillance video also reflects that the employee placed both the warning sign and a buffer machine in what was, in fact, the only remaining dry area of the elevator landing. Accordingly, as noted by the trial court, the employee's actions forced persons exiting the elevator to do so by walking through the wet area, by impeding any dry route that may have existed for Ms. Queen (or the nurse after her) to traverse when she exited the elevator. Thus, although it was reasonable to expect that a hospital would mop this area, reasonable measures existed and were not taken that could have limited or corrected the dangerous condition caused by mopping the elevator landing area and the placement of buffer machine. Specifically, by mopping one area at a time, and merely placing the sign in the wet area rather than in the only dry area, the hospital *7 could have easily ensured that part of the elevator landing area remained available to be safely traversed without the hazards of a wet, recently mopped floor obstructing the remaining dry area. In sum, I find no error in the trial court's conclusion that the hospital was negligent.
However, I also find that the trial court erred in failing to assign plaintiff any comparative fault whatsoever, given that she proceeded out of the elevator quickly, she was not otherwise distracted upon exiting the elevator, and she was somewhat familiar with the area as she had used the elevator previously. Cf. McLaughlin v. Home Indemnity Insurance Company, 361 So.2d 1227, 1230 (La. App. 1 Cir.), writ denied, 363 So.2d 922 (La. 1978) ("On the question of contributory negligence we find that plaintiff acted reasonably. Her unrebutted testimony is that she was proceeding very slowly down the steps, feeling her way along. This being the only route available to her, we find no negligence on her part."); Perkins v. Springhill General Hospital, 278 So.2d 900, 904 (La. App. 2 Cir. 1973) ("In the instant case, although Mrs. Perkins may have been aware of the probability of water or moisture being present on the floor of the corridor, she had no alternative route and was forced to transverse the wet area to get to and from the room.")
The majority opinion discusses and relies upon two prior decisions wherein this court reversed judgments of the trial court that were rendered in favor of the plaintiff in slip-and-fall cases. However, in my view, these cases are distinguishable. In Terrance, 39 So.3d at 844, this court reversed the decision of the trial court only after finding that the trial court legally erred by stopping its analysis after making a factual finding that the plaintiff fell in a foreign substance, without considering whether the hospital acted reasonably to discover and correct the dangerous condition. Terrance, 39 So.3d at 845. In the instant case, there is no such legal error by the trial court. Indeed, the majority opinion acknowledges that the trial court specifically addressed the reasonableness of the measures taken by the hospital, and ultimately found that the measures taken were not reasonable. Also, in Lee v. Ryan's Family Steak Houses, Inc., 2006-1400 (La. App. 1 Cir. 5/4/07), 960 So.2d 1042, writ denied, 07-1577 (La. 10/12/07), 965 So.2d 405, this court reversed the decision of the trial court only after finding that the trial court's oral reasons for judgment were internally inconsistent with the record. Lee, 960 So.2d at 1045. In the instant case, the majority opinion does not point out any inconsistencies between the trial court's reasons for judgment and the testimony and evidence in the record of these proceedings.
However, I do agree that the damage award of $43,837.00 should be reduced as clearly excessive, where plaintiff sustained only a bruised knee and lumbar strain as a result of the slip-and-fall incident and only required treatment for a four-month period.
For these reasons I respectfully concur in part and dissent in part.
WELCH, J., concurs.
I respectfully concur with the results reached in this opinion. The video speaks for itself and conclusively shows the plaintiff ignoring the wet floor warning signs, which resulted in her slip and fall.
The emergency doctrine does not apply under the circumstances of this case. The hospital staff member acted reasonably by placing two different "wet floor" warning signs in the area at issue prior to Ms. Queen exiting the elevator to alert the public that the second floor elevator landing area had been or was being mopped.
*8 No evidence was presented to prove the actions of the mopping personnel was unreasonable.