This is a suit by a domestic servant, a washwoman, against her employer for damages. She alleges that she was employed to do domestic work including the family washing, and that she was required to hang the wash to dry on lines which had been strung across the yard prior to her employment; that one of the lines had been strung at so great a height above the ground that it was necessary for her to use either a chair or a small platform in order to reach it, and that defendant's wife had instructed her not to use a chair, and that this made it necessary that she step upon the platform; that the platform, consisting of three boards on cross pieces, had been constructed for the purpose of permitting other employees of defendant, who was in the hardware and building material business, to reach into a sand box or bin. She also alleges that as she stepped upon the platform one of the boards broke beneath her weight, that her foot and leg were precipitated through the resulting hole, and that she sustained the damage for which she now seeks recovery.
The matter was before us on appeal from a judgment maintaining an exception of no cause of action. The exceptor contended that the platform constituted a part of the premises which he leased from the owner, and that therefore the liability, if any, was in the owner of the premises and not in him as employer of the plaintiff. We held that though there might be liability in the owner of the premises for damages resulting from defects in the building, there might also be liability in the employer if, through negligence, he failed to furnish to the employee a safe place in which to work. See Fontenot v. Raftery, La. App., 193 So. 897. We remanded the matter for trial on the merits in order to give plaintiff an opportunity to show, if she could, that the said platform was defective; that her injuries resulted from the said defect and that there was negligence in defendant in failing to furnish to her a safe place in which to do her work.
There was judgment below in favor of defendant and plaintiff has again appealed.
In the original petition it was alleged that the accident had occurred on June 7th, 1938. The suit was filed on August 31st, 1938, which was, of course, well within one year of the day on which the accident was alleged to have occurred. It developed, however, that the accident had not occurred on June 7th but on June 15th. Therefore, plaintiff by supplemental petition, filed on May 29th, 1941, alleged that she had erroneously set forth the date as June 7th, 1938, whereas in truth she should have alleged the date as June 15th, 1938.
At this point defendant interposed a plea of prescription of one year, taking the position that although in the original petition it was alleged that the accident had occurred on June 7th, that petition must have referred to some entirely different accident, and that the actual accident had occurred on June 15th; that the suit based on that accident was initiated only by the supplemental petition filed on May 29th, 1941, and that, therefore, the prescription *Page 79 
of one year had accrued, between the occurrence of the accident on June 15th, 1938, and the filing of the supplemental petition on May 29th, 1941.
The plea of prescription cannot be sustained.
It may be that there was no accident at all, as contended for by defendant, but this is a matter of fact which can be determined only on the merits. It merely appears from the pleadings that plaintiff was in error in alleging that the accident had occurred on June 7th, and it therefore follows that when the suit was filed well within the year, defendant was put on notice concerning the cause of action, and she well knew that plaintiff's contention was that she had been injured by breaking through the platform on or about June 7th. Surely the filing of the suit interrupted prescription.
However, when we come to consider the evidence we find that plaintiff has woefully failed to sustain the burden of proving that there was any such accident or that defendant was in any way negligent if such an accident did occur.
Plaintiff contends that the middle board of the platform broke and that her leg was precipitated through the resulting hole, and yet the record very convincingly shows that the same platform is still in use, and that there is in it no hole sufficiently large to permit of a woman's foot passing through. There was a small knot in the middle board. This had been knocked out and, as a result, there is a small hole not nearly large enough to have caused any such accident.
There are other circumstances which throw doubt upon plaintiff's story. It is evident from the hospital report that when she called at the hospital she said that the accident had occurred on the street, for the hospital record contains such a statement and, obviously, it could only have been secured from plaintiff, herself. Then, too, plaintiff states that the accident happened in the late afternoon, whereas the hospital report shows that she reported it as having taken place at 1:26.
But, even if the accident occurred as plaintiff says that it did, there is not the slightest evidence to show that there was any negligence whatever in defendant, Raftery. Plaintiff, herself, says that there was nothing about the platform to indicate in any way that it was defective. Thus, it is obvious that defendant had no means of knowing of any such defect, if there was one.
Counsel for plaintiff is of the opinion that all that is necessary is that it be shown that there was a defect and that this renders the employer liable. The employer is liable only if he is negligent; in failing to furnish a safe place to work or in failing to furnish proper tools or equipment. In Carey v. Sellers Co., 41 La.Ann. 500, 6 So. 813, the Supreme Court said:
"To maintain an action by a servant against a master, for an injury resulting from defective buildings, premises or appliances, two elements must concur, viz.: Fault or knowledge on the part of the master; innocence of fault, or ignorance of the danger, on the part of the servant."
Counsel has confused the situation here with that which has confronted our courts many times in suits against building owners. In those cases, though it has always been held that the owner of the building is liable only for negligence, it has also been held that
"The mere fact that the building is defective is in itself proof of that negligence, and this, whether the defect is apparent and easily discoverable, or is such as would not be noticed except upon careful inspection." Hanover v. Brady, La.App., 148 So. 267, 268.
See, also, Heath v. Suburban Bldg. Loan Ass'n, La.App., 163 So. 546, and cases therein cited. Thus, though a building owner may be held liable to a person injured as a result of a defect in the building merely by a showing of the existence of the defect; where an employee seeks to hold liable an employer, on the ground that a safe place has not been furnished, it must be shown not only that there was a defect, but also that the employer knew, or ought to have known of it, and that he failed to repair it.
The laws and jurisprudence of this state do not require of an employer of domestic servants even as high a degree of care as is required of the employers of industrial servants, for although Act No. 30 of 1936, in Section 6, sets forth the statutory duty of the employer as to safety devices, safeguards and places of employment, that section specifically provides that it shall have no application "to employment in private domestic service." We do not *Page 80 
believe that that statute effects the elimination of all duty on the part of domestic employers to furnish safe places to work, and we therefore held that though such a domestic employer must furnish to the servant a safe place in which to work, the said domestic employer is liable for failure in this regard only if it be shown that he is negligent.
While we express doubt whether from the record it can be said that any such accident actually occurred, we have no doubt that if it did occur, it did not result from negligence on the part of the defendant.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.