HARDY, Judge.
This is a suit for damages in the nature of personal injuries, and plaintiff has appealed from the verdict of a jury *796 and judgment in accordance therewith rejecting her demands.
Plaintiff, Mrs. Mamie Lee, a practical nurse, was employed by defendant, E. W. Moellenkamp, to care for his invalid wife. Mrs. Lee began her employment at some time during the month of September, 1956, and continued therein, with the exception of one or two brief periods, until May 7, 1957, the date of the accident which is the basis of this suit. During this period of some seven or eight months plaintiff’s patient was confined to bed in her home in the City of Shreveport. For the comfort of and in order to provide more convenient attention to his invalid wife, defendant had purchased a standard hospital bed. During the afternoon of May 7, 1957, plaintiff was asleep on her bed, which was in the same room as the hospital bed to which her patient was confined, and was awakened by the ringing of the telephone. Upon answering the call and finding that the caller wished to speak to Mrs. Moellen-kamp, plaintiff grasped the side rail of the patient’s bed for the purpose of pulling it to a position within reach of the telephone instrument. In plaintiff’s words:
“ — I caught this rail, and when I did, it come loose and I fell.”
As the result of this fall plaintiff sustained serious physical injuries, particularly to her left arm, for which she seeks to recover damages in this action.
Plaintiff predicates her claim upon allegations of negligence on the part of defendant which are specified in her petition as follows:
“Petitioner alleges that the defendant E. W. Moellenkamp was grossly negligent in not having said hospital bed in good repair and that he had neglected to have replaced rubber insulators and/or washers which would have prevented the side of said bed from breaking forth from the bed and causing your petitioner to fall, and that your petitioner was free from any negligence.”
In addition to the above allegations of negligence plaintiff attempted to invoke the doctrine of res ipsa loquitur and before this court particularly urges error on the ground that the district judge refused to charged the jury with respect to the nature of the said doctrine and its application to the instant case.
We first proceed to a consideration of the question of negligence on the part of the defendant. In this connection it is. essential to give a brief description of the construction and operation of the hospital bed which is involved. As above observed, the bed is of standard make and construction, the side rails being constituted of hollow metal and so constructed as to permit the raising and lowering of each side by a pivot action upon a horizontal support running the length of the bed immediately below the location of the mattress. In raising the side rail of the bed, to insure its maintenance in the raised position, a clawlike extension fitted to a spring action within the hollow horizontal top rail is. pulled out and engaged to the vertical support of the head of the bed. It is significant to observe that unless this claw is: properly engaged the side rail does not remain in an upright position. Rubber guards are affixed to the spring-operated' extension and it is apparent that they have no connection with the engagement and disengagement of the side rails but are obviously intended only to protect the head of the bed from scarring and scratching. There is an irreconcilable conflict between the testimony of plaintiff and defendant as. to whether these rubber protectors were in-place at the time of the occurrence of the accident, but we think this detail is completely irrelevant in view of the established fact that these rubber fittings were unrelated to the operation of the side rails-According to the testimony of both plaintiff and defendant it was necessary to exert some substantial effort in pulling out the claw extension either to engage the side rail in place in an upright position or to disengage it for the purpose of lowering the side rail.
*797 Plaintiff’s testimony attempted to imply some actionable negligence on the part of the defendant husband on the ground that he had left the side rail of the bed disengaged after he had finished administering a massage to his invalid wife and exercising her arm, which ministrations were regularly performed morning and night. The force of this implication completely fails in view of the fact that, as we have above observed, the side rails of the bed could not have been maintained in an upright position unless properly engaged.
We think it is implicit in the testimony of plaintiff herself that the accident occurred as the direct result of her own negligence in grasping the side rail of the bed for the purpose of pulling the entire bed into another position. It seems clear that plaintiff, possibly in a somewhat drowsy condition immediately after having been awakened from sleep by the ringing of the telephone, carelessly pulled the side rail of the bed with such force as to disengage the claw extension, upon which the rail gave way, causing plaintiff to lose her balance and fall to the- floor.
 While we think this finding disposes of the issues presented, we will, noije-theless, take note of counsel’s reliance upon the doctrine of res ipsa loquitur. In our opinion the doctrine has no application in view of the nature of the facts which have been conclusively established in the instant case. This point has been recently considered by the Supreme Court in Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389. The opinion of Mr. Chief Justice Fournet elaborately reviewed the purpose and proper application of the principle of res ipsa loquitur and re-emphasized the well established conclusion that the principle is applied only in those instances where the circumstances surrounding an accident do not serve to explain the nature of its occurrence and justify, as the only fair and reasonable conclusion, the finding that the accident was due to some omission of a defendant’s duty.
We think the facts established in the instant case clearly explain the nature and cause of the occurrence of the accident and it follows, under such circumstances, that the doctrine of res ipsa loquitur has no possible application.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.