JANVIER, Judge.
This suit results from an accident in which Bernice Davis, wife of Clarence Fritz, a domestic servant in the employ of Mr. and Mrs. Gerard Rault, slipped and fell to the floor of the wash-room allegedly as the result of soapy water which had overflowed from the sink.
The employer had secured a policy of liability insurance from the American Universal Insurance Company and the said insurer was made the sole defendant.
Bernice Davis prayed for judgment for $7500.00 for past and future pain and suffering and her husband, as head of the community, prayed for judgment for $2500.00 to cover loss of past and future wages and past and future medical expenses.
The defendant denied liability on the ground that there had been no negligence on the part of the employer or his wife and no defect in the premises, and on the alternative allegation that there had been contributory negligence on the part of plaintiff Bernice Davis.
There was judgment in favor of Clarence Fritz, the husband, in the sum of $579.21 and in favor of Bernice Davis Fritz, the wife, in the sum of $400.00. It is charged that Mrs. Rault had thrown two small hand towels into the sink with the result that the outlet had been clogged and that the water which was being discharged into the sink from the automatic washing-machine had overflowed onto the floor causing it to be very slippery. Mrs. Rault states that when the towels were put into the sink, the employee, Bernice Davis, was standing right near it and that she, Mrs. Rault, threw the towels to her, telling her to add them to the wash and that, instead of catching them, Bernice had allowed them to go into the sink.
The record leaves no doubt at all that if the sink overflowed onto the floor it was perfectly obvious to the employee that this condition existed. She says that if she had looked at the floor she would have seen the water but she added: “I wasn’t looking at it.” She said that the water covered the entire floor. It is obvious that it was not just in one spot which she might not have noticed. “It was all over the floor.” She says that as she came down the steps into the room she could hear the sound of falling water.
“Q. When the washing machine is discharging water into the sink it makes a noise, you can hear it can’t you ?
“A. Yes.
“Q. It is different from the noise it makes running washing isn’t it ?
“A. Yes.
“Q. Did you hear that sound when you came down the steps ?
“A. Yes.”
There is one statement of Bernice Davis which does not ring true. In an effort to explain why she did not notice that the water was overflowing the sink she said that she was not going to empty the bucket of water which she had in her hands into the sink but was going to another room to empty it into the toilet. Why she did this *903 instead of emptying it into the sink we do not understand. In fact, we believe that it was customary to empty such buckets into the sink rather than to carry them through that room into the rest room and empty them into the toilet. When questioned earlier as to where she was going to empty the water she said “in the sink”.
Under all these circumstances, we have no hesitation in saying that obviously the fall was caused by the negligence of the servant herself. Furthermore, we doubt if it could properly he said that Mrs. Rault was negligent even if she threw the towels into the sink without the knowledge of the employee. The duty of a householder to a servant to maintain the premises in safe condition is not nearly as exacting as is the duty of a commercial industrial employer to the employee. Section 13 of LSA-Revised Statutes, Art. 23 sets forth the duty of the employer to the employee and it further provides:
“ * * * Nothing in this Section shall apply to employment in private domestic service or to agricultural field occupations.”
The source of this section is section 6 of Act 30 of 1936. In commenting on the effect of that section of the Act of 1936, we, in Fontenot v. Raftery, La.App., 14 So.2d 77, stated:
“The laws and jurisprudence of this state do not require of an employer of domestic servants even as high a degree of care as is required of the employers of industrial servants, for although Act No. 30 of 1936, in Section 6, sets forth the statutory duty of the employer as to safety devices, safeguárds and places of employment, that section specifically provides that it shall have no application ‘to employment in private domestic service.’ We do not believe that that statute effects the elimination of all duty on the part of domestic employers to furnish safe places to work, and we therefore held that though such a domestic employer must furnish to the servant a safe place in which to work, the said domestic employer is liable for failure in this regard only if it be shown that he is negligent.”
For both of these reasons, first that the employee was herself guilty of contributory negligence, and second, because we find no fault on the part of the wife of the homeowner, we conclude that the judgment appealed from is erroneous.
Accordingly, the judgment appealed from is annulled, avoided and reversed and the suit of the plaintiffs is dismissed at their cost.
Reversed.