LOUIS H. YARRUT, Judge.
This is an appeal by Plaintiff from a judgment denying her damages for personal injuries.
The Defendant is the insurer of the owners of the residence in which Plaintiff was employed as a general household domestic, or maid, to cook, wash, and do general housecleaning. Prior to her injury she had been so employed for about six years, was 45 years old, weighed about 160 pounds, and was about 5,1/2 feet tall.
Plaintiff alleges that, while engaged in performing her work and about to remove clothes from the clothesline in the patio (sometimes referred to as walkway or breezeway), she slipped, fell and sustained bodily injuries which she charges was due to the negligence of her employer, in the following respects:
“1. In allowing water to remain on a paved walkway in the rear of said property, which walkway had to be used by your petitioner;
“2. In allowing slippery material and debris to collect on said walkway.”
Defendant first filed a general denial and then charged that Plaintiff’s injury was due to her own negligence in:
‘‘(a) Allowing the soapy water to seep from the breezeway area onto the walkway;
“(b) Failing to observe the soapy water on the walkway;
“(c) Failing to notice any debris or other slippery material on the walkway
*924 and, alternatively, filed a plea of contributory negligence.
Plaintiff sought to prove the cause of her slipping was debris and water in the patio caused by contractors’ checking the cypress side walls to determine what should be done to correct defects thereon, and the watering of the grass and plants by her employer’s wife.
Plaintiff admitted she was responsible for the presence of the water and suds that caused her to slip, as follows:
“Q. But you do remember telling Mr. White that it was the suds from the breezeway you slipped on?
“A. Yes, it was.
“Q. And you were the one who had mopped the breezeway?
“A. Yes, I mopped it.
“Q. And Mary, there was nothing else in the area at the time, other than these suds, that you could have slipped on ? Is that correct ?
' “A. No, sir.
“Q. It was the suds you had slipped on?
“A. That’s right.”
There were no witnesses to the accident. Defendant’s wife was informed of the accident by Plaintiff upon her return home.
During all of her disability, Plaintiff was paid her weekly wages and continued working until she had to undergo an operation not connected with her fall.
Plaintiff was evasive and contradictory. At the conclusion of the trial the district judge summarized his appreciation of the case as follows:
“In the opinion of the Court, she failed to bear out the two allegations upon which she bases her case — first, that Abraham Goldfarb allowed water to remain on a paved walkway in the rear of his property. As a matter of fact, the record shows that the plaintiff slipped on a ground surface which was either covered by grass or the grass had been worn away near the clothes poles.
“So far as the second allegation, allowing slippery material or debris to collect on the said walkway, there is no evidence in the record that any slippery material was ever allowed to be on the walkway.
“The only scintilla of evidence that any debris of any kind was on the walkway was Mr. Goldfarb’s testimony there might have been some shavings there.
“The record shows Mr. Goldfarb was attempting to have the outside of his cypress fence refinished because the finish did not hold up on the lakefront in the City of New Orleans, and he had called a number of painting contractors to come out and estimate the cost and the manner in which the work should be performed; that these contractors came to his residence when he was not there and made samplings or performed sample work in the area where the clotheslines were located.
“Plaintiff would have the Court believe that some solution was used upon the outside walls of the house, and that this solution perhaps contained lye.
“There is nothing in the record to show this whatsoever. Mr. Goldfarb denies it, Mrs. Goldfarb denies it, and the only testimony to that effect was that given by the plaintiff where she said Mrs. Goldfarb told her so, which Mrs. Goldfarb denies also.
“The Court finds nothing in the record to bear out the allegations of negligence. Plaintiff herself states in this record, and in the testimony taken upon discovery, that she had used Ivory Soap Flakes, water, and pine oil to sweep or mop the breczeway area located very near the spot where she slipped, and then she testifies that the ground surface was wet where she slipped.
*925 “If it was wet, it is perfectly possible the water drained from where she did her mopping, or that her shoes were wet and may have had soap flakes on them when she walked into the yard. Nevertheless, plaintiff in the estimation of this Court has not proved her case whatsoever against the defendant, and her case will be dismissed.”
This case involves only a question of fact. We cannot find any error in the finding by the district judge that Defendant’s insured was not guilty of any negligence, and that Plaintiff’s fall was due solely and only to her own negligence in not observing the condition of the ground where she was working, which condition was created by her own preceding work. For a discussion of applicable decisions, see Fritz v. American Universal Insurance Company, La.App., 140 So.2d 901.
For the reasons assigned, the judgment of the district court is affirmed; Defendant to pay all costs.
Affirmed.