392 So.2d 786 (1980)
Marie LEAR, Plaintiff-Appellee,
v.
UNITED STATES FIRE INSURANCE COMPANY, Defendant-Appellant.
No. 7993.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
*787 Lunn, Irion, Switzer, Johnson & Salley by Jack E. Carlisle, Jr., Shreveport, for defendant-appellant.
Glenn F. Armstrong, Bossier City, for plaintiff-appellee.
Before FORET, CUTRER and LABORDE, JJ.
FORET, Judge.
This is a tort action. Marie Lear (plaintiff) seeks to recover damages for personal injuries she received when struck in the face with a baseball. United States Fire Insurance Company (U.S.Fire), which had issued a homeowners liability policy to James and Donna Lear, is the only named defendant.
The trial court rendered judgment in favor of plaintiff and awarded her $10,000.00 in general damages and $667.00 in special damages. U.S.Fire (appellant) has perfected a suspensive appeal from that judgment.
Appellate presents three issues on appeal. However, we need only discuss the issue raised by appellant's first assignment of error, as our decision there will pretermit the need for a discussion of the other issues. That issue is whether appellant's insureds were guilty of negligence.

FACTS
Plaintiff was visiting in the home of Mr. and Mrs. James Lear on April 24, 1977, the date on which the accident occurred. Three of the Lear children went outside to play baseball at approximately the same time plaintiff arrived at their home. Plaintiff also went outside shortly thereafter to swing one of the younger Lear children. The swing set was located near the spot in the yard where the boys were playing baseball. Plaintiff had begun to swing the child when a baseball (hardball) hit by one of the older children struck her near an eye. The impact of the ball caused plaintiff's cheekbone to cave in. This condition is known as an elevation zygomatic arch fracture which required surgery to correct.
Plaintiff alleged that the accident and the resulting injuries which she suffered *788 were caused solely and proximately by the negligence of appellant's insureds, James and Donna Lear.
The trial court rendered judgment finding the negligence of appellant's insureds to be the sole cause of the accident. The trial court rejected appellant's defenses of assumption of the risk and contributory negligence.

ALLEGED NEGLIGENCE OF APPELLANT'S INSUREDS
Appellant's first assignment of error raises the issue of whether appellant's insureds were guilty of negligence. The alleged negligent acts of James and Donna Lear of which the plaintiff complains are:
(1) Permitting their minor children to play baseball in a small, confined area, too small for such activity, and
(2) Failure to provide a safe place for plaintiff.
Plaintiff alleges that the appellant's insureds allowed their children to play baseball in the yard adjacent to their home when they knew that the yard was too small for such activity to be carried out safely, especially when there were other persons present. It is plaintiff's contention that this conduct of the appellant's insureds constituted negligence.
Before a determination of liability can be made, we must first inquire as to whether any causal relationship exists between the harm to the plaintiff and the landowner's alleged negligent conduct. Thus, if the plaintiff can show that she probably would not have suffered the injury complained of but for the conduct of appellant's insureds, she has carried her burden of proof relative to cause-in-fact. Stewart v. Gibson Products Company of Natchitoches Parish Louisiana, Inc., 300 So.2d 870 (La.App. 3 Cir. 1974); Vidrine v. Missouri Farm Association, 339 So.2d 877 (La.App. 3 Cir. 1976), writ denied, 342 So.2d 216 (La.1977); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (La.1972); Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976).
There can be no question that the accident would not have occurred but for the appellant's insureds allowing their children to play baseball in the yard. However, this finding of a causal relationship between the conduct of appellant's insureds and the injuries suffered by plaintiff does not establish the former's responsibility in damages for such injury. Rather, in addition, before the plaintiff can be permitted to recover for such conduct, it must be established that the conduct complained of constituted a breach of a legal duty imposed to protect against the particular risk involved. Smolinski v. Taulli, 276 So.2d 286 (La.1973); Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (La. 1970); Shelton v. Aetna Casualty & Surety Company, supra; Hill v. Lundin & Associates, Inc., supra; Vidrine v. Missouri Farm Association, supra.
Both parties argue that the duties owed by appellant's insureds to the plaintiff should be determined on the basis of plaintiff's status as an invitee. However, as stated by our Supreme Court in Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), this approach, which utilizes the common law classifications of invitee-licensee-trespasser is of little help, as the proper test to be applied in determining a landowner's liability under LSA-C.C. Articles 2315 and 2316 is as follows:
"... whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative."
Thus, in determining the duty owed by the landowner to the plaintiff, it is not necessary to classify plaintiff as an invitee, but rather it is appropriate to ascertain this duty by examining the particular facts before us. Shelton v. Aetna Casualty & Surety Company, supra; Vidrine v. Missouri Farm Association, supra.
*789 Plaintiff had come to visit Mr. and Mrs. Lear. (She was a sister-in-law of James Lear.) Jerry Saling, Casey Saling, and Troy Lear, whose ages were 13, 11 and 6 at the time of the accident, had been told by their grandmother to go outside as they were interfering with her dinner preparations. A daughter of James and Donna Lear, Theresa, came up to the plaintiff and asked to be taken outside so she could swing. Plaintiff agreed and they went out into the yard a short time after the boys had done so. The boys testified that they had begun to practice their batting when plaintiff and the child came outside. There was no clearly delineated baseball field. Jerry Saling testified that he saw plaintiff come out of the house and held up his pitch as plaintiff crossed the yard. He stated that he and his brothers resumed the game they were playing after plaintiff reached the swing set.
Plaintiff testified that she realized that the boys were playing baseball only after she was struck by the ball. She stated that she had been swinging the younger child for about five minutes prior to the accident.
Plaintiff's mother testified that she was looking out of a window from the time plaintiff went into the yard until she was struck. She stated that she could see plaintiff and the child on the swing set and the boys playing baseball.
This Court, in Levert v. Travelers Indemnity Company, 140 So.2d 811 (La.App. 3 Cir. 1962), stated the duty of a homeowner to an invitee, which we analogize to the plaintiff in this case, on page 813:
"The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger.
"On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it."
See also Taylor v. National Indemnity Company, 215 So.2d 203 (La.App. 3 Cir. 1968); Daire v. Southern Farm Bureau Casualty Insurance Company, 143 So.2d 389 (La.App. 3 Cir. 1962); Cook v. Central Mutual Insurance Company, 345 So.2d 1013 (La.App. 2 Cir. 1977), writ denied 347 So.2d 258 (La.1977); Crittenden v. Fidelity & Casualty Company of New York, 83 So.2d 538 (La.App. 2 Cir. 1955); Regenbogen v. Southern Shipwrecking Corporation, 41 So.2d 110 (La.App.Orl., 1949).
Plaintiff's own testimony as to her position while swinging the child shows that she was directly facing that part of the yard where the boys were playing. Plaintiff had visited this home at least twentyfive times in the past and knew that there was a large number of children in the family. She knew that these children utilized the yard around their home to engage in playful activities. We find that the danger presented by the children playing baseball should have been observed by an individual in the exercise of reasonable care, and was as obvious to a visitor as to the landowner.
We reverse the trial court and hold that there was no breach of the duty of care owed by the appellant's insureds to plaintiff. As such, the conduct of appellant's insureds in no way amounts to actionable negligence, and appellant is not liable to plaintiff for the injuries she suffered.
All costs incurred in the matter are assessed against plaintiff-appellee.
REVERSED.