FORET, Judge.
This suit for damages was filed by plaintiff, Gaynell M. Smith, against defendants, Paul Fusilier and Gertrude Haggard Fusilier, as a result of an incident wherein plaintiff alleges that she injured her back while trying to lift Gertrude, Paul’s mother, out of bed. Plaintiff, at the time of the alleged incident, was employed by Paul to take care of his mother, who was an invalid and totally blind and deaf.
Subsequent to the filing of plaintiff’s petition, Paul and Gertrude were dismissed as defendants and plaintiff brought General Accident, Fire and Life Assurance Corporation into this action as Paul and Gertrude’s homeowners liability insurance carrier.
After trial, the lower court ruled that, considering the evidence, there was no actionable negligence on the part of defendants; further, that plaintiff was contributo-rily negligent.
From this adverse judgment, plaintiff has appealed.
ISSUE
This case may be decided by the resolution of the following issue:
Was the trial court clearly wrong in finding that there was no negligence on the part of the defendants?
DUTY OWED
Plaintiff contends that the sole and proximate cause of her injuries were the following alleged negligent acts and/or omissions of the defendants: failure to afford her with the proper equipment to assist her in lifting Gertrude, i.e., an automatic lift, and failure to maintain and furnish a safe working condition for petitioner. Plaintiff’s claim is based on the provisions of LSA-C.C. Articles 2315 and 2316.
The paramount question herein is, what was the nature of the duty owed to plaintiff by the defendants. LSA-R.S. 23:13, which provides the general statutory duty owed by an employer to an employee is inapplicable in this situation. It provides:
“R.S. 23:13 Employers’ duty as to safety
Every employer shall furnish employment which shall be reasonably safe for the employees therein. They shall furnish and use safety devices and safeguards, shall adopt and use methods and processes reasonably adequate to render such employment and the place of employment safe in accordance with the accepted and approved practice in such or similar industry or places of employment considering the normal hazard of such employment, and shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employees. Nothing in this Section shall apply to employment in private domestic service or to agricultural field occupations.” (emphasis ours.)
The trial court correctly noted that the above statute was passed by the Louisiana Legislature as Act # 30, § 6, of 1930. Interpreting this act, the Court, in Fontenot v. Raftery, 14 So.2d 77 (La.App.Orl.1943), held that, although the statute was inapplicable to private domestic service, it did not have the effect of abolishing all of the employer’s duty toward his domestic employee. The court stated:
*1257 “The laws and jurisprudence of this state do not require of an employer of domestic servants even as high a degree of care as is required of the employers of industrial servants, for although Act No. 30 of 1936, in Section 6, sets forth the statutory duty of the employer as to safety devices, safeguards and places of employment, that section specifically provides that it shall have no application ‘to employment in private domestic service.’ We do not believe that that statute effects the elimination of all duty on the part of domestic employers to furnish safe places to work, and we therefore held that though such a domestic employer must furnish to the servant a safe place in which to work, the said domestic employer is liable for failure in this regard only if it be shown that he is negligent.” (Emphasis ours.)
Although no specific mention is made as to the duty required, the case of Lee v. Moellenkamp, 106 So.2d 795 (La.App. 2 Cir.1958), although finding for defendant-employer and against plaintiff-employee, implicitly held that an employer should at least refrain from causing injury to his employee through his negligence.
Furthermore, the court, in the case of Fritz v. American Universal Insurance Company, 140 So.2d 901 (La.App. 4 Cir.1962), citing LSA-R.S. 23:13 above and Fontenot v. Raftery, supra, held:
“... The duty of a householder to a servant to maintain the premises in safe condition is not nearly as exacting as is the duty of a commercial industrial employer to the employee.... ”
The duty owed to a domestic employee by his or her employer, of whatever nature it is, is not dependent upon the employee’s classification as an employee or invitee or whatever term might be applicable. A resort to these inflexible and arbitrary classifications is unnecessary inasmuch as we feel the duty may change, according to the circumstances.
In the case of Lear v. United States Fire Insurance Company, 392 So.2d 786 (La.App. 3 Cir.1980), this Court held:
“Thus, in determining the duty owed by the landowner to the plaintiff, it is not necessary to classify plaintiff as an invitee, but rather it is appropriate to ascertain this duty by examining the particular facts before us. Shelton v. Aetna Casualty & Surety Company, supra [334 So.2d 406 (La.1976) ]; Vidrine v. Missouri Farm Association, supra [339 So.2d 877 (La.App.1976) ]. (Emphasis ours.)
Therefore, before we can ascertain the nature of the duty owed to plaintiff and whether or not there was a breach of this duty, we need to examine the facts before us.
Plaintiff, the domestic employee of defendants, was employed for the purpose of taking care of defendant’s mother, Gertrude. Gertrude is totally paralyzed, blind, and deaf. She is 4'11" tall and weighs approximately 145 pounds. Because Gertrude could not move, it was plaintiff’s responsibility to feed, bathe, and in general, see to all of her needs. Doing so necessitated lifting Gertrude from her bed between 15 and 18 times per day.
Plaintiff testified that she knew that a safe way in which to lift Gertrude out of her bed was through the use of a “lift” machine in which the patient would be placed, making it much easier for her removal and transport from the bed. She testified that she had asked Paul to get her one “a bunch of times” for at least a year prior to the accident, but that Paul had never purchased the device because, “He said he couldn’t afford it at that time”.
Defendant, Paul Fusilier, testified that before her alleged injury, he had had some discussion with plaintiff about securing a lifting device for her and that he had informed her that he would get her anything that she needed. He further testified that at one time, a few months before the accident, he, in fact, had a lifting device in the house available for her use, but that she said that it was difficult to hook up, took up too much time, and, “she would rather pick her up herself”. He testified that he gave up on the idea of using a lift because plaintiff did not want it. Paul stated that the $75 required to purchase the lift was not *1258 prohibitive and that he could have afforded it.
Because of the above facts and circumstances, we deny recovery because we find, as did the trial court, that plaintiff failed to prove that her injuries were the result of any negligence on the part of the defendants, that is, she has failed to prove that any negligent act or omission on the part of the defendants was the cause-in-fact of her injuries. Plaintiff has, in this case, failed to show that she probably would not have suffered the injuries complained of but for the defendants’ conduct, and she has therefore failed to carry her burden of proof relative to cause-in-fact. Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406 (La.1976); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Vidrine v. Missouri Farm Association, 339 So.2d 877 (La.App. 3 Cir.1976), writ denied, 342 So.2d 216 (La.1977).
Defendant observed that plaintiff needed the lift, offered it to her, and she refused it because, although it relieved her from the strain of lifting Gertrude, she felt that its use was inconvenient. The finding of the trial court is therefore correct.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.