LABORDE, Judge.
Plaintiff, Paul Stanford, filed suit to recover damages for personal injuries sustained when a ladder upon which he was standing dislodged from its position and fell to the ground. Southern Farm Bureau Casualty Insurance Company (Southern), which had issued a homeowners liability policy to Lawrence Leger, is the only named defendant.
The trial court rendered judgment in favor of plaintiff. From this adverse judgment, Southern timely perfected a suspen-sive appeal. We reverse.
FACTS
Plaintiff was called to the home of Lawrence and Melba Leger to gratuitously assist them in painting their home. Plaintiff complied, and arrived at the home ready to perform the task. Upon arrival, Mrs. Leger, co-owner of the home along with her husband, Lawrence Leger, showed plaintiff the area which she and the other women who were assisting in the painting were unable to reach. Plaintiff was provided with the necessary brushes and paint and a twenty foot aluminum ladder. Plaintiff testified that there were no other ladders available to him. After receiving instructions from Mrs. Leger, plaintiff picked up the ladder and positioned it at an angle underneath the gable against the weatherboards. The bottom portion of the ladder was situated directly in front of the house completely on the sidewalk. The plaintiff then ascended the ladder and scraped the old paint from the area to be painted and returned to the ground. After obtaining paint and a brush, plaintiff ascended the ladder to begin painting. At this point the ladder slipped causing him to fall.
The trial court held, in written reasons that:
“I conclude plaintiff was 66% percent negligent and Mrs. Leger was 33⅛ percent negligent, both contributing to the accident.
Mrs. Leger’s negligence consisted of failing to furnish to plaintiff a ladder which could be safely used to get to the area in question. Only by leaning the ladder at the apex or ridge with one of the two side slats on either side would the ladder be safely used without someone holding it at the bottom. This method would have allowed access to only a small portion of the gable to be painted. To attempt to paint by leaning the ladder along the sides or slopes of the gable would have been as dangerous as the method actually used by plaintiff.
Mrs. Leger’s negligence was general and somewhat removed from the problem. *555 Plaintiff directly confronted the concrete danger. Hence, the allotment of negligence percentages as above.”
NEGLIGENCE
Plaintiffs allege that the sole issue on appeal is whether the trial court erred in its allocation of percentage of fault between the parties. Plaintiff asserts that the defendant’s insureds owed a duty to plaintiff to protect him against an unreasonable risk of harm. Plaintiff claims that defendant’s insureds breached their duty by not having the proper and safe equipment needed for plaintiff to complete the job.
Defendant argues on appeal that there was no defect in the ladder, no defect in the premises, and no negligence on the part of anyone other than the plaintiff.
The dispositive issue presented to us on appeal is whether the defendant’s insureds breached a duty owed to the plaintiff.
Before a determination of liability can be made, a causal relationship must be established between the harm to the plaintiff and the landowner’s alleged negligent conduct. Once this has been established, it must be shown that the conduct complained of constituted a breach of a legal duty imposed to protect against the particular risk involved. Lear v. U.S. Fire Insurance Co., 392 So.2d 786 (La.App. 3rd Cir.1980).
“This Court, in Levert v. Travelers Indemnity Company, 140 So.2d 811 (La.App. 3 Cir.1962), stated the duty of a homeowner to an invitee, which we analogize to the plaintiff in this case, on page 813:
‘The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger.’ ”
“On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it.” (Citations omitted)
Lear, 392 So.2d at 789.
Plaintiff had come to assist in painting an area of the house which could not be reached by the women. According to Mrs. Leger, in addition to the twenty foot aluminum ladder, a four foot and six foot stepladder were also on the premises. The stepladders were being used by the women to assist them in painting the side of the house.
Mrs. Leger testified that she did not assist in any way the placing of the ladder against the house. She also testified that she did not see the angle of the ladder nor did she check to see how work was progressing. Plaintiff testified that there were no other ladders available to use in the area. Plaintiff also testified that he does not normally use a ladder like that to paint the area in question if there is a short one around.
Plaintiff testified that after receiving instructions from Mrs. Leger, he picked up the ladder and positioned it against the house. Plaintiff was familiar with this type of ladder stating that he had painted his house with a ladder just like the one in question. The plaintiff determined the angle, height and position of the ladder without the assistance of anyone. It is well settled that a landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care *556 or which was as obvious to a visitor as to the landowner. Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976). (Emphasis ours.) In the case sub judice, this is clearly applicable considering that plaintiff had previously used a ladder of this type and was the sole determiner of the placement of the ladder against the house. The danger encountered by the placement of the ladder should have been observed by the plaintiff in the-exercise of reasonable care. He knew or should have known of the danger involved in not properly positioning the ladder against the house. (See plaintiff exhibit 2 annexed hereto depicting the angle of the ladder in relation to the house.)
The trial judge, in written reasons, noted that Mrs. Leger was negligent in not furnishing plaintiff a ladder which could be safely used to gain access to the area to be painted. This determination is tenuous at best. The plaintiff, through his own negligence, exposed himself to an observable danger. We conclude that there was no breach of duty on the part of the landowner and that plaintiffs own negligence was the sole cause of the accident.
For the above and foregoing reasons, the judgment of the trial court is reversed. Plaintiff is to pay all costs.
REVERSED.