BYRNES, Judge.
Plaintiff brought an action against a homeowner and her insurer to recover damages for the wrongful death of her son which occurred when he was fatally wounded by a third person while in defendant’s residence. Plaintiff appeals an adverse decision on a motion for summary judgment. We affirm.
On September 28, 1986, Lillian Libasci, Julio Melendez, Steven Hessler and David Arnold attended a concert together. There *704 an altercation, including shoving and cursing, occurred involving Melendez, Arnold and Hessler. Following the altercation the four returned to a trailer owned by Lillian Libasci and her estranged husband, Anthony. Shortly, thereafter, Hessler was summoned to the master bedroom by Melendez. Lillian Libasci was present in the bedroom but her back was turned to Melendez. Melendez and Hessler began to argue. Arnold then came to the bedroom door and became involved in the argument. During this argument, Melendez suddenly removed a gun from beneath the mattress and fired twice. The second shot fatally wounded Arnold.
Shirley Vertudazo, mother of the deceased, sued Lillian Libasci and her homeowner’s insurance carrier, Allstate Insurance Company, alleging Mrs. Libasci’s negligence caused her son’s demise. The defendants responded by filing a motion for summary judgment which was granted by the trial judge. From that judgment, plaintiff appeals arguing that Mrs. Libasci and her insurer are liable on the basis of certain independent acts of negligence allegedly committed by Mrs. Libasci. Specifically, appellant contends that, because Lillian Libasci knew that Melendez had a tendency to resolve conflict with threats involving a gun, that there was a loaded gun under the mattress, and that alcoholic beverages were consumed earlier that day, she had a duty to protect Arnold from the risk that Melendez might harm him. We find that, under these circumstances, no duty exists, and, therefore, dismissal pursuant to a motion for summary judgment was proper.
An issue of negligence or fault can be decided on a motion for summary judgment, provided the evidence leaves no relevant, genuine issue of fact, and reasonable minds must inevitably conclude that the mover is entitled to judgment based on the facts before the court. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The facts giving rise to this litigation are not in dispute; therefore, the issue of negligence can properly be decided on a motion for summary judgment.
The test which is applied to a determination of landowner’s liability is whether, in the management of the property, he acted as a reasonable man in view of the probability of injury to others. Cates v. Beauregard Electric Cooperative, Inc., supra, Lear v. United States Fire Insurance Co., 392 So.2d 786 (La.App. 3rd Cir.1980). Under our jurisprudence, a homeowner is not an insurer of the safety of persons lawfully on the premises. The duty owed by the homeowner to a social guest is to avoid reasonably foreseeable danger to the guest and to keep his premises safe from hidden dangers in the nature of traps or pitfalls. Lear v. United States Fire Insurance, Co., supra. The Louisiana Supreme Court has recognized that there is, generally, no duty to protect others from the criminal activities of third persons. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984).
The duty imposed by law on homeowner does not extend to unforeseeable or unanticipated criminal acts of a third person. The facts do not reflect that Melendez was intoxicated or that Mrs. Li-basci knew or should have known that this argument would lead to such violence. Therefore, under the undisputed material facts of the present case, the criminal attack on Arnold was not reasonably foreseeable and there was, as a matter of law, no breach of any duty owed by the homeowner to the deceased. Additionally, Mrs. Libasci’s back was to Melendez and the events happened very quickly. She, therefore, had no opportunity to intervene.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.