FORET, Judge.
Emma S. Schrader instituted this lawsuit against State Farm Fire and Casualty Insurance Company, the homeowners liability insurer of Mary Bayham, for injuries sustained when a ladder she was on fell in Bayham’s home. The jury found that both plaintiff and defendant’s insured were 50% negligent. Both Schrader and State Farm have appealed.
FACTS
Schrader, a guest of her friend, Mary Bayham, gratuitously assisted in the cleaning of the living room and kitchen of the Bayham residence. Those rooms were adjacent and separated only by a bar. A cathedral ceiling transcended both rooms. The floor of the living room was carpeting and that of the kitchen, linoleum or vinyl. A fireplace, chandeliers, and a window of a height of about twenty feet, from floor to ceiling, were in the living room. Another such window was located in the kitchen. To enable Schrader and Bayham to clean those items, as well as the rafters of the ceilings and the walls of those rooms, a stepladder and an extension ladder were used. Schrader was acquainted with the use of these ladders.
Cleaning was to begin in the living room. Before such work was undertaken, Schrader and Bayham tested the stability of the extension ladder: its “rubber feet” were placed onto the floor; the ladder was raised to, and locked in,- an extended position; the ladder was then angled so that its contact with a wall could be made; while Bayham *219 held its bottom, Schrader climbed it; and, after Schrader’s descent therefrom, the ladder was lowered to, and locked at, a reduced height. Schrader never requested that Bayham hold the ladder while she was upon it. In fact, after that stability test was conducted, Schrader told Bayham not to hold the ladder because it was solid.
After the ladder had been used about nine times in the living room, Schrader and Bayham moved it to the kitchen, and placed it to the left of the kitchen window, at about the same angle as previously used. The ladder was extended and locked so as to enable Schrader to clean the top third of that window. After she had done her cleaning, Schrader descended the ladder. At no time during those ascending and descending maneuvers did the ladder slip and/or slide. Schrader then climbed atop the bar, cleaned the bottom third of the window, and then jumped from the bar. The ladder was lowered to, and locked at, a height at which Schrader could clean the middle third of the window.
Schrader climbed the ladder; her left hand grasped a rung of the ladder at a point between the ladder and the wall on which it leaned. Schrader sprayed a cleaning solution onto the window and, as she wiped the window with a paper towel, the “feet” of the ladder moved backward and the ladder fell with Schrader, causing the complained of injuries.
LAW
On appeal, Schrader contends that the jury erred in finding that she was 50% contributorily negligent, and in assessing a low award for damages she sustained. State Farm argues that the jury erred in finding that Bayham was 50% negligent, and in awarding loss of income to Schrader. State Farm asserts that there was no defect in the ladder, no defect in the house, and no negligence other than that of Schrader.
In Stanford v. Southern Farm Bureau Cas. Ins. Co., 512 So.2d 553, 555 (La.App. 3 Cir.1987), writ denied, 513 So.2d 294 (La.1987), this Court discussed the duty owed to an invitee injured on the premises of a property owner:
“Before a determination of liability can be made, a causal relationship must be established between the harm to the plaintiff and the landowner’s alleged negligent conduct. Once this has been established, it must be shown that the conduct complained of constituted a breach of a legal duty imposed to protect against the particular risk involved. Lear v. U.S. Fire Insurance Co., 392 So.2d 786 (La.App. 3rd Cir.1980).
‘This Court, in Levert v. Travelers Indemnity Company, 140 So.2d 811 (La.App. 3 Cir.1962), stated the duty of a homeowner to an invitee, which we analogize to the plaintiff in this case, on page 813:
‘The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger.
‘On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it.’ (Citations omitted)
Lear, 392 So.2d at 789.”
*220 In this case, Bayham did not breach the duty of an owner/occupier of premises to an invitee. Schrader’s accident is attributable to an observable and normal risk associated with the use of an extension ladder. As above stated, Schrader had previously used such a ladder. Before the accident, on some nine different occasions, in which the ladder was placed in about the same angle from the floor to the wall on which it rested, she safely ascended and descended it. She had conducted stability tests of the ladder, had never requested that Bayham hold the ladder while she worked thereupon, and had, in fact, instructed Bayham not to do so.
We need not discuss any other issue, because the issue of liability is dispositive of all others. We find that Bayham was not negligent and that State Farm is thus not liable unto Schrader. Costs at the trial level and of this appeal are to be borne by Schrader.
REVERSED AND RENDERED.