709 So.2d 229 (1998)
Michael CRAIG, et al., Plaintiffs-Appellants,
v.
Donald SEPULVADO, et al., Defendants-Appellees.
No. 97-1076.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1998.
Writ Denied May 1, 1998.
*230 Charles Wilson Seaman, Natchitoches, for Michael L. Craig, et al.
Mark Alan Watson, Alexandria, for Donald C. Sepulvado, et al.
Before DECUIR, SAUNDERS and COOKS, JJ.
COOKS, Judge.
Plaintiff, a minor, was accidentally shot in the foot while hunting with a group of friends. Suit was filed on plaintiff's behalf, by his father, against Donald Sepulvado Sr., the father of the boy who held the gun as it discharged, and his homeowners' insurer. Both of these defendants were eventually dismissed after settlement. Subsequently, the owner of the property on which plaintiff was injured and her homeowner's insurer were joined as defendants. Defendants filed a Motion for Summary Judgment, which was granted. Plaintiff now appeals, asserting the trial court's grant of summary judgment constituted manifest error. Finding the trial court did not err, we affirm the decision.

FACTS
On October 9, 1994, Brian Craig, his brother, and a friend, Donald Sepulvado Jr., were hunting on land belonging to Donald's grandmother, Rosa Sepulvado. All three boys were minors, aged sixteen, twelve and sixteen, respectively, at the time of the accident. Donald Jr., or "Donnie," as he was called, was armed with a twelve gauge shotgun. As the boys were walking behind Rosa Sepulvado's home, the gun carried by Donnie accidentally discharged, striking Brian in the left foot, injuring him. Suit was filed on behalf of Brian by his father, Michael Craig, as administrator of his estate. Originally, Donald C. Sepulvado Sr. was named as a defendant and, by supplemental petition, Mr. Sepulvado's homeowner's insurer, Trinity Universal of Kansas, was added. Thereafter, Rosa Sepulvado and her insurer, Colonial Penn, were added as party-defendants. After settlement, Donald Sepulvado Sr. and his insurer were dismissed, leaving Rosa Sepulvado and Colonial Penn as the only remaining defendants.
Rosa Sepulvado and her insurer moved for summary judgment, which was granted by the trial court on May 19, 1997. According to the defendants, La.R.S. 9:2791 and La.R.S. 9:2795, provided Sepulvado with immunity, because the boys were merely engaged in recreational activity on her property. Craig has appealed, alleging the inapplicability of the recreational immunity statutes and further arguing there were issues of material fact yet undetermined by the trial court.

LAW
We begin our discussion by acknowledging as correct the defense's assertion that Motions for Summary Judgment are now favored under the law. La.Code Civ.P. art. 966(c)(1). Justice Knoll, writing for this court in Nicholson v. Calcasieu Parish Police Jury, 96-314 (La.App. 3 Cir. 12/11/96); 685 So.2d 507, observed "summary judgments are now expressly favored," since the legislature has amended La.Code Civ.P. 966, adding the following language:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
Id. at 510, citing La.Code Civ.P. art. 966(A)(2).
Secondly, we note the inapplicability of the recreational immunity statutes. In Monteville v. Terrebonne Parish Consol. Government, 567 So.2d 1097 (La.1990), the supreme court held a landowner "who does not evidence an intent to permit the public to enter without charge for recreational use may not invoke the recreational use statute's protective benefits against liability." Id. at 1105. As the plaintiffs point out in their brief, the purpose for which the recreational use immunity statutes were adopted was "to induce private owners of large acreage to open expanses of undeveloped lands for public outdoor, open land recreational purposes." *231 Id. at 1098; see also Verdin v. Louisiana Land and Exploration Co., 96-1815 (La.App. 4 Cir. 3/12/97); 693 So.2d 162, 165. Here, there is no evidence Rosa Sepulvado intended the public to use her land for hunting. In fact, at her deposition, she said "I give my grandkids, I give them the authority to shoot squirrels back there." When asked if by "them" she was referring to "the kids," Rosa Sepulvado made it clear who she allowed on her land for hunting purposes: "my grandkids, yes." The factual circumstances of this case, as reflected in the record, clearly contradict the defendants' assertion that Sepulvado is protected by La.R.S. 9:2795, et seq.
Whether Rosa Sepulvado breached a legal duty owed to Craig, even if the facts alleged are proven, is the real question before us. Usually, liability for injuries sustained by one on the premises of another may be based on either the theory of strict liability or that of negligence. Fontenot v. Fontenot, 93-2479 (La.4/11/94); 635 So.2d 219, 221. To prove strict liability, the plaintiff must show:
1. The thing which caused the damage was in the care, custody, and control of the defendant;
2. The thing had a vice or defect which created unreasonable risk of harm; and,

3. The injuries or damages were caused by the vice or defect.
(Emphasis Added).
Fontenot, supra; Celestine v. Union Oil Company of California, 93-1330 (La.App. 3 Cir. 5/4/94) 636 So.2d 1138, 1141.
The theory of strict liability is inapplicable in this case. Craig did not plead Sepulvado was strictly liable as an owner of the subject property in either the original or four supplemental and amending petitions. Furthermore, the pleadings do not reveal any basis for holding Rosa Sepulvado strictly liable. No defects in the property are alleged.
On the other hand, the plaintiff in an action for negligence must establish that the omission complained of constituted a breach of a legal duty imposed to protect against a particular risk involved. La.R.S. art. 30:2315; Lear v. U.S. Fire Ins. Co., 392 So.2d 786 (La.App. 3 Cir.1980). In Lear, we recognized the proper test to apply in determining a landowner's liability under the negligence articles is "whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others." Id. at 788.
According to Craig, "the negligence of Rosa G. Sepulvado contributed to the accident" as follows:
a) Permitting minors to hunt upon her land without supervision;
b) Failing to personally supervise the hunting activities of minors hunting upon her property;
c) Failing to determine whether those hunting upon her property had been properly trained and schooled in the use of firearms.
We find that under the circumstances, these alleged facts do not constitute breaches of any duty Mrs. Sepulvado may have owed Brian Craig. The young men involved in the accident were both sixteen years old and legally presumed to possess the common sense and experience necessary for them to safely hunt squirrels on Mrs. Sepulvado's property. By deposition, Donnie stated he hunted "regularly" on his grandmother's property without incident. Mrs. Sepulvado's failure to inquire whether the boys were properly trained or schooled in the use of firearms, even if true, was not a step the law compelled her to take as a landowner. Further, Mrs. Sepulvado alleged failure to provide supervision for or to personally supervise the boys again are acts she was not legally required to take. Plaintiffs' pleadings do not suggest the boys were suffering from any defects which render their competency levels less than normal or average for their ages. Moreover, plaintiffs do not allege Donnie's prior behavior revealed a propensity by him to act recklessly and Mrs. Sepulvado should have been aware of this tendency. Even if Mrs. Sepulvado committed all the acts alleged by plaintiffs, she owed Craig no duty to do more than she did under the circumstances. The accident was caused by Donnie's mistake. He failed to keep the "safety" in the "on" position at all times, *232 except when firing. His father has already paid for this unfortunate error.
Our decision today is further buttressed by this court's resolution in Lear, 392 So.2d 786. The plaintiff in Lear was visiting in the home of defendants. Three of defendants' children went outside to play baseball at about the same time plaintiff arrived at their home. Plaintiff also went outside shortly after to swing one of the Lear children on a swing set located near the spot in the yard where the boys were playing baseball. As plaintiff begun to swing the child a baseball hit by one of the older children struck her near an eye, causing plaintiff's cheekbone to cave in. Plaintiff was diagnosed with a condition known as an elevation zygomatic arch fracture which required surgery to correct. Id. at 788.
On appeal from a judgment for the plaintiff, we discussed the duty defendants owed to plaintiff, as an invitee. We relied upon our earlier decision in Levert v. Travelers Indemnity Company, 140 So.2d 811 (La.App. 3 Cir.1962), to wit:
The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owners a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invite of the danger.
On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it.
Lear, 392 So.2d 786, 789.
Here, the parties disputed whether Rosa Sepulvado was aware that Brian Craig was hunting on her property. She says she did not know until after he was shot. Craig has provided an affidavit to the contrary. In any event, summary judgment was proper because, even if Sepulvado was aware that Craig was on her land, she owed no duty to prevent or take extraordinary steps to guard against an accidental shooting by her grandson. Her "blood" relationship to the young Sepulvado did not operate, by law or otherwise, to impose a greater duty upon her than that imposed on landowners generally.
The principals of "negligence" and "duty-risk" analysis were recently addressed by the Louisiana Supreme Court in Pitre v. Louisiana Tech University, 95-1487, (La.5/10/96); 673 So.2d 585. The Pitre opinion held:
In order to determine whether liability exists under the facts of a particular case, this court has adopted a duty-risk analysis. This analysis takes into account the conduct of each individual party and the peculiar circumstances of each case. Socorro, 579 So.2d at 938.[1] The relevant inquiries are:
(1) Was the conduct of which the plaintiff complains a cause-in-fact of the resulting harm;
(2) What, if any, duties were owed by the respective parties?
(3) Whether the requisite duties were breached?
(4) Was the risk, and harmed caused, within the scope of protection afforded by the duties breached?
(5) Were actual damages sustained?

Socorro, 579 So.2d at 938-939 (citations omitted). If the plaintiff fails to satisfy one of the elements of duty-risk, the defendant is not liable. Pitre, 673 So.2d at 589-590.
The cause-in-fact of Bryan's injury was not that Sepulvado allowed her grandkids (and their friend) to hunt on her property. Bryan *233 Craig was injured solely because of Donnie's negligence. Her legal duty to him did not extend beyond that owed by ordinary landowners under similar circumstances. The fact that the boys were minors and she was the grandmother of Donnie, without more, is not sufficient to impose a greater duty upon her in this case. The trial court properly dismissed Craig's suit against the defendants. Plaintiffs' assignments are without merit.

DECREE
For the reasons discussed herein, the assignments of error urged by plaintiffs-appellants are without merit. The judgment below is affirmed.
AFFIRMED.
NOTES
[1] Socorro v. City of New Orleans, 579 So.2d 931 (La.1991).