**Philip Allen KENSINGER,**
**Plaintiff–Appellant,**

v.

**E.I. DU PONT DE NEMOURS; Remington Arms Company, Inc.; Raci Holding Inc.; Bruckman Roser Sherrill & CO. LLC; Ames B. Charles; Bobby Brown; Alberto Cribiore; Lou-**

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

isa Duemling; Donald Gogel; Leonard J. Hendrix, Richard Heckert, Charles Holliday, Hubbard Howe, Thomas Millner, Andrall Pearson, William Reilly, Joseph Rice, Sharp H. Rodney, Charles Vest, Edgar Woolard; Rickey Brenegan, Defendants–Appellees.

No. 05–36021.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 26, 2006.

Filed June 18, 2007.

Phillip Paul Weidner, Esq., Weidner & Associates, Inc., Anchorage, AK, for Plaintiff–Appellant.

John M. Conway, Esq., Atkinson Conway & Gagnon, John B. Thorsness, Clapp Peterson & Stowers, Daniel T. Quinn, Esq., Anchorage, AK, for Defendants–Appellees.

Before: KOZINSKI, BERZON and TALLMAN, Circuit Judges.

MEMORANDUM *

1. Under well-settled Alaska law, land owners only owe their guests a duty of

* This disposition is not appropriate for publica-    tion and is not precedent except as provided

reasonable care to prevent foreseeable injuries. *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 255–56 (Alaska 2000); *Webb v. City & Borough of Sitka,* 561 P.2d 731, 733–34 (Alaska 1977). Applying the same standard, other courts have found that the duty of reasonable care does not require a homeowner to control the acts of another adult. *Vertudazo v. Allstate Ins. Co.,* 542 So.2d 703, 704 (La.Ct.App.1989) (Homeowner had no duty to control an individual even though she knew that he "had a tendency to resolve conflict with threats involving a gun, [and] that there was a loaded gun under the mattress."). Kensinger cites no case from Alaska or any where else premising liability on similar facts.

■ Here, the evidence showed Brenegan was not aware his son had purchased the shotgun, nor had his son ever been involved in a gun accident. Lacking notice that his son posed a particular security risk, it was not foreseeable that Kensinger's injury would result from the alleged lack of household gun safety rules. The district judge did not err in concluding that Kensinger "ha[d] no valid cause of action under Alaska law against Rickey Brenegan."

■ "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir.2001) (internal quotations omitted). Brenegan's joinder was therefore fraudulent, and we have jurisdiction because the parties are diverse. *Id.*

by 9th Cir. R. 36–3.

■ 2. In deciding that Brenegan was fraudulently joined, the district judge properly considered deposition testimony taken during a previous suit Kensinger brought based on the same facts. The district judge could properly consider this evidence because it demonstrated that "it [was] abundantly obvious" that Kensinger could not prevail on his claim. *Id.* at 1068.

**AFFIRMED.**